276 So.2d 552 (1973)
GACL, INC., a Florida Corporation, d/b/a Sunset Park Properties, a/k/a Criquet Club Apartments, Appellant,
v.
Robert ZEGER, Appellee.
No. 72-713.
District Court of Appeal of Florida, Third District.
April 24, 1973.
*553 Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Jeanne Heyward, Miami, for appellant.
Podhurst, Orseck & Parks, Miami, for appellee.
Before HENDRY and HAVERFIELD, JJ., and MELVIN, WOODROW M., Associate Judge.
PER CURIAM.
Appellant defendant, GACL, Inc., seeks review of the trial court's denial of its motions to set aside a default judgment entered against it in a personal injury action.
Plaintiff appellee sued appellant and Heftler Realty Co., both doing business as Sunset Park Properties and also known as Criquet Club Apartments. Plaintiff, a tenant of the newly constructed apartments, alleged an injury resulting from the shattering of a defectively attached soap dish in his shower. Appellant was duly served through its treasurer, Ronald Levine and service was perfected on Heftler Realty Co., Heftler responded by a motion to dismiss and subsequently answered interposing a general denial and alleging contributory negligence. Notice of default was filed and entered on December 21, 1971, against GACL, some nine months after service. The day before trial, plaintiff's action against Heftler Realty was voluntarily dismissed without prejudice and the matter proceeded to trial on the sole issue of damages against GACL.
The morning of the trial, counsel who represented Heftler Realty announced that he had just been authorized to represent GACL. This authority came from the same principal that had employed him to represent Heftler. Thereupon, counsel moved to set aside the default, ore tenus, claiming an unknown meritorious defense and without being able to allege any reasons why GACL had failed to respond. The trial court denied the motion and trial was had on the issue of damages with GACL represented by its counsel. Verdict was returned by the jury in appellee's favor for $17,000.00. Ten days after trial, appellant filed a motion for a new trial or for relief from final judgment on the basis of mistake, inadvertence and excusable neglect and alleging a meritorious defense. An affidavit in support of the motion followed by Jerome A. Bauman, general counsel for GACL Properties, Inc., in which service was admitted on the corporate treasurer, Levine. Bauman alleged that the papers were forwarded by Levine to the former general counsel Gerald Turner and should have been routinely forwarded to Bauman's office. Bauman also alleged diligent search and inquiry for the papers with no success. He then concluded that it was his "belief that either the summons and complaint were never received by Bauman's office, though apparently transmitted by Levine or the documents were lost, misplaced or inadvertently destroyed prior to the same having come to his attention as attorney in charge of GACL, Inc., matters." No affidavits were proffered by either Levine or Turner or anyone within their offices explaining the loss of the papers. Based upon this affidavit and arguments of counsel, the trial judge denied appellant's motions.
Appellant argues that the trial judge erred in refusing to set aside the default entered against GACL in light of the liberal view taken by the courts toward allowing the vacation of defaults so that a trial on the merits could take place. See North *554 Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849.
We note, initially, the most recent statement of our Supreme Court in relation to such actions and the discretion reposing within the trial judge. In Farish v. Lum's, Inc., Fla 1972, 267 So.2d 325, the court stated: (267 So.2d at 327)
"The exercise of discretion by a trial judge who sees the parties first-hand and is more fully informed of the situation, is essential to the just and proper application of procedural rules. In the absence of facts showing an abuse of that discretion, the trial court's decision excusing, or refusing to excuse, noncompliance with rules ... must be affirmed.
* * * * * *
"... [I]t cannot be held that, as a matter of law, inadvertence is sufficient to excuse compliance  it may be in some instances, but in other instances, not. It is the duty of the trial court, and not the appellate courts, to make that determination."
Thus, it is the facts of each particular case that is of singular importance in determining whether relief from a default should be granted [Edwards v. City of Ft. Walton Beach, Fla. 1972, 271 So.2d 136] and the trial court is in the best position to view those facts. Farish v. Lum's, Inc., supra.
With this in mind, we have carefully reviewed the record before us, the briefs and arguments of counsel, in light of the rule favoring liberality in the granting of such motions [North Shore Hospital, Inc. v. Barber, supra] and have concluded that the trial court did not abuse, grossly or otherwise, its discretion in denying appellant's motions to set aside the default entered against it.
Accordingly, the final judgment appealed from against appellant GACL based on its default is hereby affirmed.
Affirmed.