306 So.2d 186 (1975)
BARNETT BANK OF CLEARWATER, N.A., a National Banking Association, Petitioner,
v.
Fred FOLSOM et al., Respondents.
No. 74-875.
District Court of Appeal of Florida, Second District.
January 15, 1975.
William W. Wilhelm, Phillips, McFarland, Gould & Korones, Clearwater, for petitioner.
Charles D. Andrews, St. Petersburg, for respondent Chester E. Johnson.
GRIMES, Judge.
This case involves the question of whether substituted service of process pursuant to Fla. Stat. § 48.031 (1973) is effective where it is shown that the defendant never actually knew that the suit papers had been served.
Petitioner brought suit in the county court against Chester E. Johnson and Ardath M. Johnson, his wife. Service of process was personally effected upon Ardath M. Johnson by the sheriff's office and substituted service was made upon Chester E. Johnson at the same time by delivering the process to his wife. The service was made at the Johnson home. Following default, final judgment was entered against both of the defendants.
*187 About seven months later, Chester E. Johnson filed a motion to vacate in which he asserted that he had never received notice that the suit had been filed against him. In his affidavit he suggests that his wife had failed to inform him either because of marital difficulties between them or because she knew that his name had been forged on the security agreement upon which the suit was predicated. The county court ordered the default judgment set aside. On appeal, this order was affirmed by order of the circuit court in which it was recited that actual notice to the defendant is a necessary element of service of process under Fla. Stat. § 48.031 (1973).
There is no question that service was made in literal compliance with the statute.[1] Respondent argues that any presumption of valid service which may be raised by compliance with the statute is overcome when it is proved that the defendant never received actual notice of the service.
Respondent relies primarily upon Clark v. Clark, 1947, 158 Fla. 731, 30 So.2d 170. In that case a judgment entered upon default following substituted service was set aside where it was shown that the defendant never had knowledge of the service. The defendant had been living with her parents and substituted service was made by leaving the process with her father. However, the plaintiff knew that approximately two weeks prior to the attempted service the defendant had left home to go north and had indicated no intention to return. She was next heard from in Seattle, Washington, by a letter marked "general delivery," which stated "that she was on the move." In determining the service to be invalid, the Supreme Court said:
"In this holding we do not overlook State ex rel. Merritt v. Heffernan, 142 Fla. 496, 195 So. 145, 127 A.L.R. 1263, and similar cases relied on by appellee. The facts in the latter case were materially different from those in the case at bar. There was every reason to presume that service left with Merritt's wife was conveyed to him, but here it is shown that it was not possible to communicate the service left with defendant's father to her. If means are available for defendant to secure the service when left with a member of the family, the Court will presume that it was brought to the attention of defendant, but not so when it is conclusively shown that it could not have been done."
In the instant case, Chester and Ardath Johnson were living together at home when the service was effected. The petitioner had no reason to believe that knowledge of the service upon Ardath would not be communicated to her husband, Chester. In such a case, the test is not whether the notice was, in fact, brought to the attention of the defendant, but whether at the time of service circumstances were such that it could be presumed that the matter would be brought to his attention.
Statutes providing for substituted service have been upheld against attack on due process grounds. The case of McDaniel v. McElvy, 1926, 91 Fla. 770, 108 So. 820, was a quiet title action involving the validity of a statute which permitted service by publication. In upholding the statute, the court quoted with approval from American Land Co. v. Zeiss, (1911) 219 U.S. 47, 31 S.Ct. 200, 55 L.Ed. 82, as follows:
"`... In determining the constitutionality of a state statute under the due process clause, the criterion is not whether any injury to an individual is *188 possible, but whether the requirements as to notice and opportunity to protect property rights affected are just and reasonable. * * * To argue that the provisions of the statute are repugnant to the due process clause because a case may be conceived where rights in and to property would be adversely affected without notice being actually conveyed by the proceedings is in effect to deny the power of the state to deal with the subject... .'"
Comment c of § 6, Restatement of Judgments, says:
"c. Actual knowledge not required. If a method of notification provided for by the common law or by a statute of the State where the action is brought is reasonable, and the method provided for is followed, the judgment is not void merely because the defendant did not receive actual knowledge of the action. As to the circumstances under which the defendant is entitled to equitable relief where he had no actual knowledge of the bringing of the action, see § 120."[2]
See also Milliken v. Meyer, (1940) 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278; Smith v. Kincaid (6th Cir.1957), 249 F.2d 243; 62 Am.Jur.2d, Process, § 99; Restatement of Judgments, § 16, Comment b.
Since compliance with Fla. Stat. § 48.031 (1973) is a valid method of acquiring jurisdiction over a defendant, substantial legal uncertainty would result if defendants were later permitted to set aside the judgment simply by showing that they never had knowledge of the process.
The petition for certiorari is granted and the orders entered below are hereby quashed.
McNULTY, C.J., and HOBSON, J., concur.
NOTES
[1] Fla. Stat. § 48.031 (1973) reads as follows:

"48.031 Service of process generally.  Service of original process is made by deliving a copy thereof to the person to be served with a copy of the complaint, petition or other initial pleading or paper or by leaving such copies at his usual place of abode with some person of the family over fifteen years of age and informing such person of their contents. Minors who are or have been married shall be served as provided in this section."
[2] § 120 of the Restatement of Judgments lists three occasions where one might be relieved from a valid judgment in the situation where he has no knowledge of the suit. They are (1) misrepresentation, duress or breach of promise by the other party; (2) error of the court; and (3) where the prosecuting party made a false claim or was guilty of sharp practice. None of these are applicable to the instant case.