BOARDMAN, Judge.
This is the third occasion that this controversy has been before us.
Appellant appeals an order vacating and setting aside a default and final judgment which had previously been entered against appellee. On November 1, 1972, appellant/ plaintiff had filed a complaint for damages against appellee/defendant alleging that ap-pellee manufactured a drug which caused appellant’s blindness. On November 21, 1972, the summons and complaint were served upon John D. Buchanan, an agent transacting business in Florida for Prentice-Hall Corporation Systems, Inc., as resident agent for appellee. On December 19, 1972, a judgment by default was entered against appellee. On March 12, 1973, final judgment was entered, pursuant to the jury verdict, in the sum of $500,000 in favor of appellant. On June 15, 1973, appellee filed a motion to vacate and for other relief. On June 27, 1973, the court rendered its order setting aside the default and final judgment previously entered in this case. Appellant filed a petition for writ of certiorari to this court which was denied as being a technically improper method- of review. Wright v. Sterling Drugs, Inc., Fla.App.2d, 1973, 287 So.2d 376.
The case was returned to the circuit court and, subsequently, appellant filed a “SUGGESTION OF FRAUD UPON THE COURT, SUGGESTION OF MISREPRESENTATION AND FALSE TESTIMONY AND MOTION FOR RECONSIDERATION.” After hearing, the trial court granted appellant’s relief and withdrew and set aside its prior order vacating the default judgment. Appellee then filed an interlocutory appeal and this court affirmed the ruling of the trial court which set aside the order vacating the default judgment. Sterling Drug, Inc. v. Wright, Fla.App.2d, 1975, 307 So.2d 494. The cause was again returned to the circuit court. This time appellee filed its amended motion to vacate and for other appropriate relief. After hearing, the trial court rendered its order granting appellee’s motion finding in pertinent part:
3. The Defendant, Sterling Drugs, Inc., was never personally notified of the pendency of this suit prior to the entry of the Final Judgment.
4. The failure to transmit the suit papers to Sterling Drugs, Inc., was not due to any fault of the Defendant, Sterling Drugs, Inc., but was due to a mistake among the employees of Prentice-Hall Corporation Systems, Inc., the service-of-process agent of Sterling Drugs, Inc.
*462 Appellant timely filed this interlocutory appeal.
The basic issue for our consideration is whether a foreign corporation (ap-pellee) is bound by the failure of an agent or employee of its resident agent to notify it of service of process. See Florida Statutes, Sections 48.081; 48.181(1) and (2); and 48.091. Upon the rationale of our recent decision rendered in Barnett Bank of Clearwater v. Folsom, Fla.App.2d, 1975, 306 So.2d 186, this issue is answered in the affirmative.
Appellee attempts to distinguish Folsom, supra, by contending that in this case ap-pellee seeks relief under Rule 1.540(b)(1), RCP, and that the rule was not before the court in Folsom, supra. We submit such assertion is an attempt to show a distinction without a difference. We point out that there is no question or, for that matter, dispute between the parties that appellant was in literal compliance with Section 48.-081, Florida Statutes.
We have, as we should, carefully examined the order appealed in this case and we reach the conclusion that the said order is 'grounded on the failure of the resident agent, Prentice-Hall, to notify appellee, and that appellee was not personally notified of the pendency of the action against it.
 In Folsom, supra, Judge Grimes, in a well-reasoned opinion, held that actual notice is not required under Section 48.031, Florida Statutes. If actual notice is not required under said statute then it certainly logically would follow that personal notice to a foreign corporation would not be required when the resident agent of said corporation is notified of pending litigation. It is academic that an agent stands in the place and stead of its principal. To hold otherwise would circumvent the purpose and intent of the statutes regarding service of process on a resident agent of a foreign corporation.
Prentice-Hall is well qualified to accept its responsibilities and perform its duties as a resident agent. It holds itself out as rendering professional service to accept process and has been designated resident agent of many corporations in Florida and throughout the United States. A failure to perform on the part of its officers, agents or employees does not amount to “mistake,” “inadvertance,” “surprise,” or “excusable neglect” of appellee within the terms of Rule 1.540(b)(1), RCP.
We, therefore, reverse and remand for appropriate action consistent with this opinion.
Reversed and remanded.
McNULTY, C. J., and SCHEB, J., concur.