332 So.2d 137 (1976)
Sherif SHAFEY, M.D., Petitioner,
v.
James H. TEASE and Helen V. Tease, Respondents.
No. 75-1771.
District Court of Appeal of Florida, Third District.
May 11, 1976.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, Miami, for petitioner.
Podhurst, Orseck & Parks; Spence, Payne & Masington, Miami, for respondents.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
HENDRY, Judge.
Petitioner brings his petition for writ of certiorari to review an order of the Circuit Court of Dade County entered in its appellate capacity reviewing an order of the County Court of Dade County.
During October, 1973, petitioner filed in the Civil Division of the County Court of Dade County a statement of claim for $630 due him for medical services rendered *138 to respondent Mrs. Tease. Copies of the statement of claim and a completed form entitled "Notice to Plaintiff and Defendant to Appear and Notice of Pretrial Conference" were sent by certified mail in separate envelopes, one addressed to respondent Mr. James H. Tease and one addressed to his wife, Mrs. Helen V. Tease, to their home where they both resided. Subsequently, the respondents failed to appear or defend the action, and a final judgment in favor of petitioner against both respondents was entered on November 15, 1973, by the County Court.
Thereafter, on October 21, 1974, respondents filed a motion in the County Court to set aside the default and judgment. In their motion, respondents asserted, inter alia, the following grounds:
"That the default should be set aside for inadvertence and excusable neglect of the respondent husband in failing to recognize the documents as legal service of process;
"That the respondents have a meritorious defense to the petitioner's claim, in that the medical services were negligently rendered and that the negligence was not known to the respondents at the time judgment was entered against them;
"That the respondents did not advise their attorney of the service of the statement of claim, and;
"That the respondents were not aware that judgment had been entered against them until the petitioner, Dr. Shafey, asserted as an affirmative defense in a Circuit Court action filed by Mr. and Mrs. Tease for malpractice, that their claim was barred because it was a compulsory counterclaim in the action to recover for medical services."
After a hearing on respondents' motions to vacate, the County Court entered an order dated November 1, 1974, denying the motion of Mr. Tease and granting the motion of Mrs. Tease. Subsequently, interlocutory appeals were filed in the Circuit Court by petitioner to review that portion of the order granting Mrs. Tease's motion and by Mr. Tease to review that portion of the order denying his motion.
After a hearing on these interlocutory appeals, the Circuit Court entered an order dated October 16, 1975, affirming the County Court order granting Mrs. Tease's motion to set aside default and reversing the County Court order denying Mr. Tease's motion to set aside default. From the order of the Circuit Court, petitioner brings this petition for writ of certiorari.
Petitioner argues that the Circuit Court violated the essential requirements of law by affirming the order of the County Court which had granted the motion of Mrs. Tease to vacate the default and by reversing the order of the County Court which had denied the motion of Mr. Tease to vacate the default against him.
The record shows that, although Mr. Tease personally received by certified mail the letters addressed to him and his wife containing the summons and statement of claim filed by petitioner, he ignored them and did not tell Mrs. Tease or their attorney about the letters. The record shows that Mr. Tease recognized the letters pertained to an attempt by petitioner to collect for medical services rendered to Mrs. Tease. Upon the failure of the Teases to appear or defend the actions by petitioner, the County Court entered a default judgment against them. Ultimately, respondents, unaware of the default judgment, filed suit in the Circuit Court alleging medical negligence on the part of petitioner in his treatment of Mrs. Tease. Thereafter, petitioner interposed as a defense the default judgment entered in his favor against respondents and asserted that they no longer had a claim for malpractice against him because they had failed to assert their claim as a compulsory counterclaim in the County Court when he sued them for his medical fees. It was at this *139 point that respondents filed their motions to vacate.
We have carefully considered the record, all points in the briefs, and arguments of counsel in the light of the controlling principles of law and have concluded that the Circuit Court erred in reversing the order of the County Court denying Mr. Tease's motion to vacate. The action of a trial court in refusing an application to vacate a judgment is generally within the sound judicial discretion of that court and not reversible on appeal except for an abuse of that discretion. See, e.g., Edwards v. City of Fort Walton Beach, Fla. 1972, 271 So.2d 136; Farish v. Lum's, Inc., Fla. 1972, 267 So.2d 325; Gacl, Inc. v. Zeger, Fla.App. 1973, 276 So.2d 552; and 19 Fla.Jur., Judgments and Decrees § 459. Based on the record of the instant case, it does not appear to us that the County Court so abused its discretion, in denying Mr. Tease's motion to vacate, as to have properly permitted a reversal by the Circuit Court acting in its appellate capacity. Therefore, petitioner's petition for writ of certiorari is granted to the extent we hold that the Circuit Court erred in reversing on appeal the order of County Court denying Mr. Tease's motion to vacate. Thus, that portion of the Circuit Court's order reversing the order of the County Court as to Mr. Tease is quashed.
We further conclude that the Circuit Court did not err in affirming the order of the County Court granting Mrs. Tease's motion to vacate. As discussed above, the granting of an application to vacate a judgment is within the sound judicial discretion of the trial court. See, e.g., Edwards v. City of Fort Walton Beach, supra; Farish v. Lum's Inc., supra; Gacl, Inc. v. Zeger, supra; and 19 Fla.Jur., Judgments and Decrees, supra. Based on the record of the instant case in regard to Mrs. Tease's motion to vacate, the County Court properly exercised its discretion in entering the order granting her motion to vacate and the Circuit Court appropriately affirmed the order. Therefore, petitioner's petition for writ of certiorari is denied to the extent we hold that the circuit court properly affirmed the order of the County Court granting Mrs. Tease's motion to vacate.
Certiorari granted in part and denied in part.