342 So.2d 503 (1977)
STERLING DRUG, INC., etc., Petitioner,
v.
Francis E. WRIGHT, Respondent.
No. 48603.
Supreme Court of Florida.
February 3, 1977.
Rehearing Denied April 12, 1977.
*504 Robert F. Nunez, St. Petersburg, and Henry P. Trawick, Jr., Sarasota, for petitioner.
William F. Blews of Blews & Everhart, St. Petersburg, for respondent.
John R. Bush of MacFarlane, Ferguson, Allison & Kelly, Tampa, for The Prentice-Hall Corp. System, Inc., amicus curiae.
BOYD, Justice.
Francis Wright filed a complaint for damages against Sterling Drug, Inc., alleging that the corporation manufactured a drug which caused her blindness. Because the corporation has its main office in New York it has designated Prentice-Hall Corporation System as its resident agent in Florida. John Buchanan is the agent of Prentice-Hall who, at the time Wright's complaint was filed, initially received service of process on foreign corporations for whom Prentice-Hall was resident agent. Wright's complaint and a summons were delivered to Buchanan, but due to a clerical error Prentice-Hall's main office did not receive them and as a result Sterling did not receive personal notice of process and did not answer the complaint or appear.
On December 19, 1972, a default was entered against Sterling. The default was reduced to judgment and final judgment was entered, pursuant to jury verdict, in the sum of $500,000. As soon as Sterling received notice of the judgment it moved to vacate. After further litigation before the Circuit Court and the District Court of Appeal, Second District, the trial court granted Sterling's amended motion to vacate the default because Sterling had not been personally notified of the suit prior to entry of the final judgment and because the failure to transmit the process to Sterling was excusable, since it was due to the mistake of an employee of Prentice-Hall.
In its decision reported at 321 So.2d 460, the District Court of Appeal, Second District, reversed relying on Barnett Bank of Clearwater v. Folsom, 306 So.2d 186 (Fla. 2d DCA 1975). In Folsom the Court held that, if substitute service of process is made under Section 48.031, Florida Statutes (1973), a default judgment may not be set aside because of a showing that actual notice was not received by the defendant. The court reasoned from Folsom that personal notice to a foreign corporation would not be required if the resident agent is notified of the litigation. We have jurisdiction[1] because of conflict with North Shore Hospital Inc. v. Barber, 143 So.2d 849 (Fla. 1962).
The District Court in its opinion stated the following:
"We have, as we should, carefully examined the order appealed in this case and we reach the conclusion that the said order is grounded on the failure of the resident agent, Prentice-Hall, to notify appellee, and that appellee was not personally notified of the pendency of the action against it." 321 So.2d at 462.
However, as the court recognized earlier in its opinion, the motion was also granted because of the finding expressed in the order that,
"The failure to transmit the suit papers to Sterling Drugs, Inc., was not due to any fault of the Defendant, Sterling Drugs, Inc., but was due to a mistake among the employees of Prentice-Hall Corporation Systems, Inc., the service-of-process agent of Sterling Drugs, Inc." 321 So.2d at 461.
In restricting the foundation of its decision to an analysis of the effect of lack of personal notice, the court failed to consider that the order might have been properly granted on the ground of "excusable neglect."
In North Shore Hospital, supra, this Court stated:
"In Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9, and Coggin v. Morris, 150 Fla. *505 555, 8 So.2d 11, which were by implication relied on by the District Court as well as in Benedict v. W.T. Hadlow Co., 52 Fla. 188, 42 So. 239, this court held that a showing of gross abuse of a trial court's discretion is necessary on appeal to justify reversal of the lower court's ruling on a motion to vacate." 143 So.2d at 852.
The Circuit Court in this case did not commit an abuse of discretion in vacating the default. It found excusable neglect to have been the cause of Sterling's failure to answer and appear and was further persuaded by the size of the judgment and the defendant's diligence in moving to vacate the default. Since there was no abuse of discretion by the trial court, its order should not have been disturbed.
The opinion of the District Court of Appeal, Second District, is quashed and the cause remanded for proceedings consistent with this opinion.
It is so ordered.
OVERTON, C.J., and ADKINS, ENGLAND, HATCHETT and DREW (Retired), JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.