370 So.2d 443 (1979)
The DINERS CLUB, INC., Appellant,
v.
Donald F. BRACHVOGEL and Gladys Brachvogel, Appellees.
No. 79-65.
District Court of Appeal of Florida, Third District.
May 8, 1979.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Carl L. Laks, Miami, for appellant.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and Carol A. Fenello, Miami, for appellees.
Before HENDRY, HUBBART and SCHWARTZ, JJ.
PER CURIAM.
Affirmed on the authority of Shafey v. Tease, 332 So.2d 137 (Fla.3d DCA 1976).
SCHWARTZ, Judge (especially concurring).
Mr. and Mrs. Brachvogel were both sued by the Diners Club on their credit card account. At the time, they were living together in the marital home. Mr. Brachvogel was personally served; substituted service was, as she admits, regularly effected on Mrs. Brachvogel in accordance with Section 48.031, Florida Statutes (1975) by serving her husband at the home which was her "usual place of abode." Neither of the Brachvogels answered and a default judgment was entered against both of them. Some months later, Mrs. Brachvogel moved to set aside the judgment as against her under Fla.R.Civ.P. 1.540(b) on the ground that her husband had never delivered the suit papers to her and that the default judgment was therefore the product of her "excusable neglect." The trial judge granted the motion, and the plaintiff took this interlocutory appeal pursuant to Fla.R. App.P. 9.130(a)(5).
If the issue had not been previously decided in this district, I would vote to reverse the order under review on the authority of Barnett Bank of Clearwater, N.A. v. Folsom, 306 So.2d 186 (Fla.2d DCA 1975), which is persuasive, well-reasoned and directly on point. However, in Shafey v. Tease, 332 So.2d 137 (Fla.3d DCA 1976), we held directly to the contrary of the holding in Folsom. I am unable to reconcile Folsom and Shafey, but I am similarly unable to distinguish Shafey from the case at bar. Because I feel bound to follow a prior and controlling decision rendered by this court on the same point of law, I concur in affirmance on the authority of Shafey v. Tease, supra.