PER CURIAM.
Defendant mortgagor, David Dubois, appeals an order denying his motion to vacate judgment of mortgage foreclosure.
Plaintiff, Herman Fried, commenced a mortgage foreclosure action against David Dubois and his estranged wife, Nina. Service was made on Nina at their marital residence. Nina hired her own attorney and through him answered the complaint. David in proper person filed a separate answer. The cause was set for a non-jury trial. Notice of the trial date was sent to Nina’s attorney and the marital residence where only Nina was residing in that David and Nina separated and David was enjoined by court order from coming to the residence. As a result, David did not receive a notice of the trial and did not attend. A final judgment was entered against David and in favor of Nina. Shortly thereafter he received a copy of the judgment at his place of employment. David retained counsel and immediately filed a motion to vacate the judgment pursuant to Fla.R.Civ.P. 1.540(b) on the ground that he did not receive notice of the time and place of final hearing because he was banned by court injunction from his home to where the notice was sent and no notice was forwarded to him. Dubois further alleged in the motion that he had a valid defense: that Crown Mortgage Company which acted as agent for Fried, the mortgagee, had him (Dubois) execute a mortgage and note payable to Fried. Although Crown Mortgage delivered the mortgage and note to Fried, the company (with the exception of a $500 advance which was returned) never gave any of the proceeds to Dubois. Following a hearing the trial court denied the motion to set aside the judgment. Dubois perfected this appeal from the denial.
The record is undisputed that Dubois did not receive a notice of the final hearing and he has raised a meritorious defense. We, therefore, conclude that the trial court abused its discretion in denying the motion to vacate. See Harrison v. Hamby, 45 So.2d 662 (Fla.1950); Imperial Industries, Inc. v. Moore Pipe & Sprinkler Co., 261 So.2d 540 (Fla. 3d DCA 1972); Shafey v. Tease, 332 So.2d 137 (Fla. 3d DCA 1976); McAlice v. Kirsch, 368 So.2d 401 (Fla. 3d DCA 1979).
Accordingly, the order denying the motion to vacate is reversed and the cause is remanded to the trial court for further proceedings consistent herewith.
Reversed and remanded.