395 So.2d 1156 (1980)
DINERS CLUB, INC., Petitioner,
v.
Donald F. BRACHVOGEL et al., Respondents.
No. 57046.
Supreme Court of Florida.
October 30, 1980.
As Modified on Denial of Rehearing April 14, 1981.
Arnold R. Ginsberg of Horton, Perse & Ginsberg and Carl L. Laks, Miami, for petitioner.
Carol A. Fenello of Bradford, Williams, McKay, Kimbrell, Hamann, Jennings & Kniskern, Miami, for respondents.
McDONALD, Justice.
This cause is before the Court on petition for writ of certiorari to review the decision of the Third District Court of Appeal, reported at 370 So.2d 443 (Fla.3d DCA 1979). The district court affirmed without opinion a circuit court order vacating a default judgment against Mrs. Brachvogel. Finding apparent conflict between that decision and Barnett Bank of Clearwater, N.A. v. Folsom, 306 So.2d 186 (Fla.2d DCA 1975), we entertained jurisdiction.[1]
Diners Club sued the Brachvogels on their credit card account. The Dade County Sheriff served process and complaint for *1157 both Mr. and Mrs. Brachvogel at their marital home. At the time the Brachvogels lived together, but were having marital problems. The sheriff effected personal service on Mr. Brachvogel and perfected service on Mrs. Brachvogel by leaving the copy of the summons and complaint with her husband. Neither of the Brachvogels appeared or defended the suit, and the trial court entered a default judgment against both of them.
Some months later, after Diners Club effected garnishment of her wages, Mrs. Brachvogel moved the trial court to set aside the default judgment on the grounds that her husband never told her about the lawsuit, that she was unaware of it, and that she had a legitimate defense. The trial court granted the motion. The district court affirmed on the authority of Shafey v. Tease, 332 So.2d 137 (Fla.3d DCA 1976).
In Shafey the Third District Court stated that vacation of a default judgment is in the sound discretion of the trial judge, and, absent an abuse of that discretion, the trial court's decision should not be disturbed. The vacation in Shafey was granted because the husband did not inform his wife of the summons and statement of claim directed to both of them which he received in the mail.[2] The district court declined to reverse, finding no abuse of discretion. The court noted that one reason the husband did not tell the wife was that he did not realize the papers were "legal papers".
In Barnett Bank of Clearwater, N.A. v. Folsom the sheriff effected substituted service on a husband by serving his wife at the couple's home. After the husband failed to appear and suffered a default judgment, he moved to set aside the judgment, alleging that his wife never informed him of the papers she received. The county court vacated the judgment, and the circuit court affirmed, stating that actual notice was required under the statute governing substituted service.[3] The Second District Court disagreed, noting the Pandora's Box that would be opened if a defendant could have a judgment vacated merely because he was not actually informed of a lawsuit. Holding that notice requirements need only be just and reasonable, the court stated
the test is not whether the notice was, in fact, brought to the attention of the defendant, but whether at the time of service circumstances were such that it could be presumed that the matter would be brought to his attention.
306 So.2d at 187.
The apparent conflict between Folsom and Shafey was reconciled by this Court in Sterling Drug, Inc. v. Wright, 342 So.2d 503 (Fla. 1977). As stated in Wright the validity of the service of process is not the issue here, but whether the trial judge abused his discretion in vacating a default upon a claim of a moving party that excusable neglect existed for not answering.[4] The service on Mrs. Brachvogel was valid whether she knew of it or not. There is a presumption that she was aware of it. But by proving that she failed to answer the complaint because she was unaware of it, and by tendering a defense upon which she may prevail, she provided the trial judge with a sufficient predicate to exercise his discretion to vacate the judgment under the excusable neglect rule.
The writ is discharged.
It is so ordered.
ADKINS, BOYD and ALDERMAN, JJ., concur.
OVERTON, J., concurs in result only.
SUNDBERG, C.J., and ENGLAND, J., dissent.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const. (1972).
[2] This was valid service under the applicable statute at the time.
[3] That statute, § 48.031, Fla. Stat. (1973), is in pertinent part the same as the statute applicable in the instant case, § 48.031, Fla. Stat.
[4] Rule 1.540(b), Fla.R.Civ.P.