981 So.2d 647 (2008)
H & F TIRES, L.P., a Michigan Limited Partnership, Appellant,
v.
D. GLADIS COMPANY, INC., a Florida Corporation, Jambco Millwork, Inc., a Florida Corporation, Margate CW Properties, Inc., a Florida Corporation, and Grand Prix Lube, Inc., a Florida Corporation, Appellees.
No. 4D07-4903.
District Court of Appeal of Florida, Fourth District.
May 21, 2008.
*648 Kevin T. Smith of The Law Office of Bohdan Neswiacheny, Orange Park, for appellant.
Robert D. Jones of Fuchs and Jones, P.A., Royal Palm Beach, for appellees D. Gladis Company, Inc., a Florida Corporation, and Jambco Millwork, Inc., a Florida Corporation.
HAZOURI, J.
H & F Tires, L.P., a Michigan Limited Partnership ("H & F"), appeals the trial court's non-final order denying its motion to vacate a default judgment as to liability entered in favor of appellees, D. Gladis Company, Inc., a Florida Corporation, and Jambco Millwork, Inc., a Florida Corporation (collectively referred to as "Gladis"). We reverse.
H & F owns real property located in Margate, Florida, on which a Tire Kingdom store operates pursuant to a lease agreement with H & F. In April 2002, Gladis filed suit against H & F and two other defendants in Broward County circuit court, alleging that in the course of construction, by filling and grading, the defendants raised the level of their property, causing rain water to flow onto Gladis's property, resulting in damage. The Michigan process server hired by Gladis to serve H & F's general partners in Michigan was unable to personally serve the partners despite repeated attempts. Thereafter, counsel for Gladis caused an alias summons for H & F to be served on Tire Kingdom. Service was accepted by the Tire Kingdom manager who advised *649 the process server that he had authority to accept service for H & F. In December 2004, the trial court entered a default judgment as to liability against H & F, as it had failed to make an appearance in the case.
In April 2007, nineteen months after counsel for H & F entered a formal appearance, H & F filed a motion for relief from the default judgment. After an evidentiary hearing, the trial court denied the motion, finding that H & F: (1) "conducts business in the State of Florida as the owner of commercial real property the subject of the instant litigation," (2) "failed to make any registration of its business activities with the Florida Department of State," (3) "was properly served with service of process in this case pursuant to the provisions of F.S. § 48.061(3) and F.S. § 48.071," and (4) "failed to present any evidence of excusable neglect or promptly moving [sic] to set aside the default once it was discovered."
H & F contends that the trial court erred in finding service proper under both section 48.061(3) and section 48.071, Florida Statutes (2002). We agree.
"[T]he standard of review for an order denying a motion to vacate a default judgment is abuse of discretion." Top Dollar Pawn Too, Inc. v. King, 861 So.2d 1264, 1265 (Fla. 4th DCA 2003).
Section 48.061(3) provides:
Process against a foreign limited partnership may be served on any general partner found in the state or on any agent for service of process specified in its application for registration and is as valid as if served on each individual member of the partnership. If a general partner cannot be found in this state and an agent for service of process has not been appointed or, if appointed, the agent's authority has been revoked or the agent cannot be found or served with the exercise of reasonable diligence, service of process may be effected by service upon the Secretary of State as agent of the limited partnership as provided for in s. 48.181, or process may be served as provided in ss. 48.071 and 48.21.
§ 48.061(3), Fla. Stat. (2002). Gladis's counsel testified that he did not serve the Secretary of State because H & F had failed to register as required under section 620.169, Florida Statutes (2002). However, section 48.181, Florida Statutes (2002), does not require registration to render the Secretary of State an agent of a nonresident for the purposes of service of process. Section 48.181(1) provides:
The acceptance by any person or persons, individually or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his or her whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the Secretary of State of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if *650 served personally on the persons or foreign corporations.
§ 48.181(1), Fla. Stat. (2002). Thus, Gladis could have served the Secretary of State as H & F's agent, despite H & F's failure to register.
Because Gladis assumed that it could not serve the Secretary of State, it proceeded under section 48.071, Florida Statutes (2002), which states:
When any natural person or partnership not residing or having a principal place of business in this state engages in business in this state, process may be served on the person who is in charge of any business in which the defendant is engaged within this state at the time of service, including agents soliciting orders for goods, wares, merchandise or services. Any process so served is as valid as if served personally on the nonresident person or partnership engaging in business in this state in any action against the person or partnership arising out of such business. A copy of such process with a notice of service on the person in charge of such business shall be sent forthwith to the nonresident person or partnership by registered or certified mail, return receipt requested. An affidavit of compliance with this section shall be filed before the return day or within such further time as the court may allow.
H & F argues that service on Tire Kingdom's manager was improper under section 48.071 because the manager was not a person "in charge of any business in which the defendant is engaged within this state at the time of service." § 48.071, Fla. Stat. (2002). Specifically, H & F contends: "The facts indicate that H & F never visited the property involved, and transacted all of its lease related business with Tire Kingdom's home office located elsewhere in Florida." We agree that service on the Tire Kingdom manager was improper under section 48.071.
Gladis asserts that it was entitled to rely on the process server's affidavit stating that the manager advised the process server that he was authorized to accept service for H & F. Gladis relies on Barnett Bank of Clearwater, N.A. v. Folsom, 306 So.2d 186 (Fla. 2d DCA 1975), to support this proposition. There, service of process on a defendant husband was left with his wife at their place of residence. The wife never informed the husband of the suit because of marital difficulties. The Second District held that where substituted process was obtained on the defendant husband by leaving process with his wife in compliance with the statute, and there was no reason to believe that the wife would not communicate the service of process to the husband, the substituted service of process was valid and the default judgment was not subject to being vacated on defendant's showing that his wife failed to inform him of the suit. Id. at 187-88.
Barnett Bank is distinguishable from the instant case. In Barnett Bank there was "no question that service was made in literal compliance with the statute." Id. at 187. The question was whether the presumption of valid service that is raised by compliance with the applicable statute is overcome by proof that the defendant never received actual notice of the service. Id. In this case, there is no evidence that literal compliance with the statute was established. The manager's statement that he was authorized to accept service for H & F did not make it so. Gladis did not present any evidence that the manager was in charge of a business in which H & F was engaged.
Moreover, Gladis failed to comply with the last two requirements of section 48.071. Section 48.071 requires in pertinent part that:

*651 A copy of such process with a notice of service on the person in charge of such business shall be sent forthwith to the nonresident person or partnership by registered or certified mail, return receipt requested. An affidavit of compliance with this section shall be filed before the return day or within such further time as the court may allow.
§ 48.071, Fla. Stat. (2002). Gladis's counsel testified that although it was his firm's custom to send certified mail notice, his case file did not contain receipts or return of a certified or registered mailing to H & F, following service on the manager. Thus, there is no proof that Gladis fully complied with section 48.071.
H & F argues further that the trial court erred in finding that it "failed to present any evidence of excusable neglect or promptly moving [sic] to set aside the default once it was discovered," because the judgment was void and could be attacked at any time. We agree.
M.L. Builders, Inc. v. Reserve Developers, LLP, 769 So.2d 1079 (Fla. 4th DCA 2000), is instructive. In M.L. Builders,
Appellee filed a suit for fraudulent lien and slander of title against M.L. Builders, Inc. and its president, Matthew Ward, individually. Service of process was never effected on Ward. Although several attorneys filed pleadings on behalf of M.L. Builders and Ward, the record discloses that those attorneys were retained for M.L. Builders but had no authority to represent Ward individually. A default was entered on the complaint, and the cause proceeded to a nonjury trial on damages which resulted in a final judgment. Matthew Ward filed a motion to vacate the final judgment on the ground that he had not been served with process. The trial court denied the motion to vacate, concluding that the motion was "unreasonably delayed" since appellant learned of the judgment on September 1, 1998, but did not file his motion to vacate until some nine months later on May 4, 1999.
Id. at 1080. This court reversed, finding that "a judgment entered without service of process on the defendant is void and may be attacked at any time." Id. This court further concluded: "A judgment entered without service of process is void and will be set aside and stricken from the record on motion at any time. That appellee's motion to vacate was brought almost a year after the final judgment was rendered, therefore, is of no consequence." Id. at 1081 (citation omitted). Similarly, in the instant case, H & F's nineteen-month delay in moving to vacate the default judgment is of no consequence in light of the fact that proper service of process on H & F was never effected.
Reversed and Remanded for Further Proceedings.
SHAHOOD, C.J., and DAMOORGIAN, J., concur.