WELLS, J.,
(specially concurring).
I concur in the affirmance of the trial court’s order denying 818 Asset Management, LLC’s Rule 1.540 motion to set aside a default judgment. I find no merit to the company’s claim that it had not been properly served with process, and thus conclude that no abuse of discretion has been demonstrated. See H & F Tires, L.P. v. D. Gladis Co., Inc. 981 So.2d 647, 649 (Fla. 4th DCA 2008) (“[T]he standard of review for an order denying a motion to vacate a default judgment is abuse of discretion.” (quoting Top Dollar Pawn Too, Inc. v. King, 861 So.2d 1264, 1265 (Fla. 4th DCA 2003))).
818 is a limited liability company which pursuant to section 608.463, Florida Statutes (2007), may be served with process “[i]n accordance with chapter 48 or 49, as if [it] were a partnership.” Section 48.061(2), Florida Statutes (2007), governing service of process on partnerships provides that where “service cannot be made on [a partnership] agent because of failure to maintain such an agent or because the agent cannot be found or served with the exercise of reasonable diligence, service of process may be effected by service upon the Secretary of State as agent of the limited partnership as provided for in s. 48.181.”
The undisputed facts pertinent to this appeal are as follows. In 2004, Judith Neiman sold her condominium to 818, taking back a promissory note in the amount of $115,000 secured by a mortgage on the condominium. 818 defaulted on the note in 2006 by failing to make monthly payments, by failing to pay condominium association assessments, and by failing to pay real property taxes, a failure which resulted in issuance of tax certificates for 2004 and 2005.
In February 2007, Neiman sent notices of default to 818 by certified return receipt *660 mail to both the condominium unit purchased by 818 and the address 818 listed with the Secretary of State as the address of its registered agent. Both notices were returned as undeliverable. The following month, Neiman brought suit to collect on the note and to foreclose the securing mortgage.
In April, Neiman attempted to personally serve Esther Counné, 818’s registered agent and sole manager, with a summons and complaint at the address 818 had listed with the Secretary of State as that of its registered agent. Service could not be affected because 818’s registered agent was no longer at the listed address and because no other address had been provided to the Secretary of State. Neiman also attempted to serve Counné at the condominium unit, the condominium at which Counné claimed in her 1.540 motion she resided at all material times.
Unable to locate 818’s agent at either its registered address or the residence of its sole manager and agent, Neiman served the Secretary of State under the provisions of section 48.181, which accepted service on 818’s behalf. Neiman once again attempted to provide notice to 818 by certified return receipt mail at both 818’s registered agent office and the condominium where Counné lived. Again, both mailings were returned as undeliverable.
On this record it is clear that Neiman satisfied all section 608.468 and 49.061 requirements. Counné claims, however, that because (1) Neiman knew that Counné lived in the condominium that is the subject of this suit; (2) Counné had made and Neiman had accepted two mortgage payments after this suit was brought; and (8) before and after the instant action was brought, Neiman and Counné were in “regular” telephone contact, that service on her via the Secretary of State was defective:
4. The parties, Ms. Neiman and Ms. Counné, were in regular, if not frequent, telephone contact with each other both before and after the initiation of this action.
5. From the date of the giving of the mortgage through the present date, Ms. Neiman always knew that Ms. Counné occupied the subject premises as her full time residence.
[[Image here]]
8. Specifically, this action was commenced on March 30, 2007; thereafter, Ms. Counné paid, and Ms. Neiman accepted, payments [on April 6 and June 6, 2007],
[[Image here]]
16. Florida Statute 48.181 only permits service of process upon the Secretary of State as agent for “any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals ... her whereabouts ....”. [sic]
Counné concedes that section 48.181, Florida Statutes (2007), provides that any person doing business in this state as a partner agrees to service of process on the Secretary of State if that person is concealing his or her whereabouts:
... [A]ny person ... who is a resident of the state and who ... conceals his or her whereabouts ... [and who accepts] the privilege ... to operate, conduct, engage in, or carry on a business ... constitutes an appointment ... of the Secretary of State ... as their agent on whom all process in any action ... arising out of any transaction or operation connected with or incidental to the business or business venture may be served....
Counné argues however that a factual dispute remains as to whether she concealed her whereabouts. I disagree. Of *661 course Neiman knew that Counné lived at the condominium at issue, Neiman attempted to serve her there multiple times — all without success — over a period of many months. The fact that Counné made some payments to Neiman during this period and spoke to Neiman one time while Counné was in Canada, as Counné asserted, also does nothing to establish that Counné was not concealing herself. Payments do not establish whereabouts, and while Counné may have spoken to Neiman at some point while she was in Canada from May through September of 2007, Counné does not claim that Neiman initiated the call or had any knowledge as to where and how to contact her. Counné also does not state that she ever told Nei-man where in Canada, with its territory of approximately 3.8 million miles,[1] she could be located.
Moreover, the record is that from February through September of 2007, a period spanning eight months, Counné, the sole registered agent and manager of this partnership, did not claim her mail while at home and made no arrangements whatsoever to either have it forwarded or to otherwise obtain it. In short, Counné’s motion fails to raise a fact issue regarding concealment.
I certainly see no similarities between the facts of this case and those in All Mobile Video, Inc. v. Whitener, 773 So.2d 587 (Fla. 1st DCA 2000). In that case, the plaintiff had successfully initiated contact with the defendant and had received a written response from the defendant advising that the defendant was represented by counsel. These contacts confirm that the plaintiff knew how and where to locate the defendant to either obtain information about services of process or to effectuate it. The plaintiff also had spoken to a number of defendant’s employees and had been in contact with the defendant’s insurance company. Yet despite all of these frequent contacts, and knowledge as to where the defendant could be found, the plaintiff secured a default after she was unable to locate the defendant’s registered agent, apparently a defunct law firm. On these facts, the default secured by the plaintiff was reversed.
Nothing similar was alleged under oath to have happened here. Rather, Counné’s insupportable conclusion that she could always be located at the condominium where she lived whenever she was here combined with her vague claim that she had talked once with Neiman while in Canada and had made a couple of mortgage payments does not give rise to a dispute that would entitle her to relief from the instant judgment.
Accordingly, and because I find no merit in 818’s remaining argument, I join in the decision to affirm the order denying 818’s 1.540 motion.

. Bruce Pardy, Climate Change Charades: False Environmental Pretences of Statist Energy Governance, 26 Windsor Rev. Legal & Soc. Issues 179, 204 n. 37 (2009).