226 So.2d 261 (1969)
Craig LAWN, a Minor, by His Father and Next Friend, Roy Lawn, and Roy Lawn, Individually, Appellants,
v.
Irving WASSERMAN and Sheldon Wasserman, Appellees.
No. 69-383.
District Court of Appeal of Florida. Third District.
September 9, 1969.
Walton & Garrick, Miami, for appellants.
Horton & Schwartz, Milton Miller, Miami, for appellees.
Before PEARSON, C.J., and CHARLES CARROLL and BARKDULL, JJ.
PEARSON, Chief Judge.
This interlocutory appeal is taken from an order setting aside default and final judgment and dissolving writs of garnishment. The appellants were the plaintiffs in the trial court. Their complaint sought damages for the alleged negligence of the appellees, Irving Wasserman and Sheldon Wasserman. The complaint also alleged the negligence of Roger Benson, a defendant who is not a party on this appeal. The action arose out of an intersectional automobile collision. A default was entered against appellees, Irving Wasserman and Sheldon Wasserman, for failure to plead. Thereafter the cause was placed on the trial calendar by an order of the trial court. Prior to trial the defendant Roger Benson was dismissed by the appellants. After a jury trial the appellants received a judgment for $37,750 damages against the appellees. After the entry of judgment and the issuance of writs of garnishment, the appellees moved for and were granted an order setting aside the default *262 and the final judgment. This appeal is from that order.
Appellants' complaint was filed on August 14, 1968. Personal service was had upon the appellees on August 20, 1968. On September 13, 1968, a default was duly and regularly entered against the appellees for failure to serve or file answer or other pleading. The remaining defendant, Roger Benson, filed an answer denying the allegations of negligence. Thereafter the appellants filed a motion for jury trial, and the trial court entered an order specially setting the cause for trial for the week of February 17, 1969. The appellants did not serve a copy of their motion for jury trial upon the appellees nor was a copy of the order setting cause for trial mailed to or served upon the appellees.
On February 19, 1969, the appellants stipulated to the dismissal of the defendant Roger Benson and proceeded only with their claim against the appellees. The cause came on for trial, and the ex parte trial resulted in a verdict and judgment as mentioned above. The judgment was entered on February 21, 1969. On April 23, 1969, after the issuance of writs of garnishment, the appellees served their motion for relief from the default and the final judgment. The motion claimed relief pursuant to Rule 1.540(b), RCP, 31 F.S.A. In an attempt to set forth excusable neglect under that rule, the appellees alleged:
"2. That civil summonses were served upon the defendants Wasserman in this cause on the 20th day of August, 1968. Shortly after the service of said summonses and copies of the complaint on these defendants, the defendant Irving Wasserman sent or caused to be delivered to Gerald Seigel, Guardian Underwriter, Hollywood, Florida, agent for National Service Fire Insurance Company, the summonses and complaints since the insurance contract which Irving Wasserman had with said insurance company required that they be notified of and furnished with notification of the institution of a civil action in which the insured automobile was involved, and also said insurer would defend said action on behalf of the defendant Irving Wasserman. Copy of receipt for said summonses and complaints is attached hereto as Exhibit #1. A copy of the accident or loss report was also furnished to the agent of the insurer by these defendants. After the delivery of copies of the summonses and complaints to the agent of the insurance carrier, these defendants heard nothing further and it was not until on or about April 17, 1969, that these defendants became aware of the fact that a default and final judgment had been entered against them. This information was imparted to them by the fact that defendants' bank accounts or savings accounts in Washington Federal Savings & Loan Association of Miami Beach and Chase Federal Savings & Loan Association were garnisheed by the plaintiffs. The writ of garnishment was issued on April 16, 1969, against the aforesaid banks.
3. These defendants thereafter immediately sought legal advice and determined that a default had been entered against them in this cause on the 13th day of September, 1968, for failure to serve or file an answer or other pleadings. These defendants were at all times material lulled into a sense of security and inaction by the representations of the agent of their insurance carrier that National Service Fire Insurance Company would defend the action on their behalf and advise them if and when their presence was necessary in the course of the litigation. These defendants assert that other than the receipt of the original service of process, and their knowledge gained on or about April 17th that their savings account in Washington Federal Savings & Loan Association of Miami Beach and Chase Federal Savings & Loan Association had been garnisheed, they were unaware that a default and final judgment had been entered against them.

*263 4. The final judgment in this cause was the result of a jury verdict entered on the 19th day of February, 1969, in which the jury rendered a verdict against these defendants in the sum of $38,750. These defendant had no notice or knowledge that this cause was to heard or tried on the issue of damages. A judgment was entered against these defendants on the 21st day of February, 1969, for $38,750., plus $140.20 costs. Had these defendants' bank accounts not have been garnisheed, they still would not have been aware of the entry of the default and final judgment."
The trial court in its order setting aside default and final judgment and dissolving writs of garnishment stated that it considered the "motion, the exhibit attached thereto, the court file in this cause and the argument of counsel." The court found that the appellees were entitled to relief and set aside both the final judgment and the default.
In their first point the appellants urge that the trial court erred in setting aside the default and the final judgment because failure of an insurance company to provide a defense is not excusable neglect within the meaning of Rule 1.540(b), RCP, and therefore is not grounds for setting aside a default and final judgment. In their second point appellants challenge the propriety of the order setting aside the final judgment and default upon the ground that no meritorious defense is set forth in the motion.
We agree with appellants that the motion does not set forth excusable neglect under Rule 1.540(b). It is true that as stated in North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849, the courts of this state follow a liberal policy in setting aside defaults. If there is any reasonable doubt in the matter it is resolved in favor of granting the motion and allowing a trial upon the merits of the case. The Supreme Court of Florida also pointed out that it was not there concerned with the power of a trial court to vacate a default after final judgment, 143 So.2d at 851, but we think the court intended the foregoing principles to apply to motions to vacate default after final judgment has been entered. However, those principles are to be considered together with the principle that judgments should have a finality which ought not lightly be set aside.
The critical question is whether a trial judge in the exercise of his discretion upon a motion to set aside a default after final judgment has been entered may rule that failure to respond to a complaint for several months after the complaint has been served is excusable neglect if a defendant relies upon his insurance company to defend him and the insurance company fails to defend. Such a ruling would cast doubt upon the finality of every judgment entered after a default in actions similar to the present one. If we regard the neglect alleged in the appellee's motion as the neglect of a third person, the insurance company, that third person would become the beneficiary of its own negligence.
We therefore hold that misplaced reliance upon an insurance company for his timely defense is not excusable neglect by a defendant within the meaning of Rule 1.540(b), RCP. Cf. White v. Spears, Fla.App. 1960, 123 So.2d 689; Austin Burke, Inc. v. Vigilant Insurance Co., Fla.App. 1965, 179 So.2d 600. Because of the foregoing circumstances it was reversible error for the trial court to set aside the default after final judgment had been entered. Accordingly, we reverse that part of the order appealed from which set aside the default.
But a different situation exists as to the setting aside of the final judgment. As indicated in the recitation of facts above, the present action was pending on October 1, 1968, the date amended Rule 1.440, RCP, became effective. Therefore that rule was applicable to this cause. See In Re: Florida Rules of Civil Procedure, Fla. 1968, 211 So.2d 206, 208. Paragraph 1.440(b), 30 F.S.A. provides that after an action is at issue, as defined in Paragraph 1.440(a), *264 "any party may file and serve a notice that the action * * * is * * * ready * * for trial. * * *" (Emphasis added). Paragraph 1.440(c) permits a court on its own motion to set an action for trial if it gives the notice specified is paragraph 1.440(b).
The record shows that neither the appellees nor the court served the appellants with notice that the action would be tried. Thus the requirements of Rule 1.440 were not met, and the appellants were deprived of their right to contest the amount of damages on the unliquidated claim. We therefore hold that the trial court acted properly in setting aside the final judgment. Accordingly, we affirm that part of the order which set aside the final judgment and writs of garnishment.
Reversed in part, affirmed in part, and remanded with directions to set the cause for trial on the issue of damages.