271 So.2d 136 (1972)
Kit C. EDWARDS, Petitioner,
v.
CITY OF FORT WALTON BEACH, Florida, Respondent.
No. 42119.
Supreme Court of Florida.
December 20, 1972.
*137 James E. Moore, Jr., of Moore and Devrell, Valparaiso, for petitioner.
Charles R. Timmel, of Timmel & Campbell, Fort Walton Beach, for respondent.
CARLTON, Acting Chief Justice:
Certiorari was granted in this cause without oral argument in order that a conflict might be resolved between the decision of the District Court below, reported at 257 So.2d 590 (1st D.C.A. Fla. 1971), and Lawn v. Wasserman, 226 So.2d 261 (3rd D.C.A. Fla. 1969). The conflict relates to the application of RCP 1.540(b), 31 F.S.A., entitled "Relief from Judgment, Decrees or Orders," in the context of an insurance company's failure to timely defend against a complaint.
The instant case commenced on August 2, 1971, when petitioner Edwards filed a complaint alleging that he had sustained injuries proximately caused by the respondent City's negligent maintenance of a fence located at a municipal golf course. The complaint provoked no noticeable response, and a final judgment on default was entered against the City on August 25, 1971.
Thereafter, on September 8, 1971, the City filed a Motion to Vacate Default under RCP 1.540(b); see RCP 1.500(d). The Motion was supported by an affidavit offering the following explanation for the failure to respond. On receipt of the complaint, the City promptly forwarded the suit papers to Travelers Insurance Company, its liability carrier. Travelers received the papers August 13, at a time when it was executing a nationwide change in its claim processing procedures. After routine photocopying, the complaint was placed on the desk of the attorney in charge; due to some unexplained oversight, it was not marked "Urgent" in accord with standard procedures.
The claims attorney and his clerk attended a meeting on the claims procedure changes from August 15 to August 17. During this time, the complaint was buried under a pile of routine files. When the attorney returned, he launched into conferences on the new procedures. He did not discover the complaint until August 23. Immediate inquiry was then made as to the status of the case, and it was learned that a default motion had been granted and a final judgment entered.
The City's subsequent Motion to Vacate, supported by the affidavit of explanation and an allegation that Edwards would not be prejudiced, was granted. Edwards then brought an interlocutory appeal to the District Court, contesting the trial court's action. The appeal was dismissed per curiam on authority of RCP 1.540(b), Florida Investment Enterprises, Inc. v. Kentucky Co., 160 So.2d 733 (1st D.C.A. Fla. 1964), and North Shore Hospital v. Barber, 143 So.2d 849 (Fla. 1962).
Edwards then petitioned for a writ of certiorari here, alleging conflict with Lawn v. Wasserman, supra, a default case involving defense by an insurance company. See Article V, Section 4(2), Florida Constitution, F.S.A. Although a critical eye could discern variations in the facts which might otherwise render the case distinguishable in terms of conflict certiorari, the Lawn court specifically announced that: "We therefore hold that misplaced reliance upon an insurance company for his timely defense is not excusable neglect by a defendant within the meaning of Rule 1.540 (b)." 226 So.2d at 263.
We disapprove the above quotation insofar as it suggests a general rule. Obviously the facts of each case are of singular importance in determining whether or not relief under RCP 1.540(b) should be granted. Given the facts of the instant case, we are unable to say that the District Court below erred by dismissing Edwards' interlocutory appeal.
The writ heretofore issued is discharged.
It is so ordered.
*138 ADKINS, BOYD and McCAIN, JJ., concur.
DEKLE, J., concurs in part and dissents in part with opinion.
DEKLE, Justice (concurring and dissenting in part):
I have no quarrel with receding from the pronouncement in Lawn v. Wasserman, supra, as a general, arbitrarily binding rule. I must dissent, however, from the conclusion that the administrative deficiencies of the insurance company in neglecting the complaint duly sent by its insured, the City, is "excusable" under Rule 1.540(b) to justify setting aside the default. Neither is the required tender of a meritorious defense present. In these respects the holding strays from the historical standard and will prove a troublesome precedent.[1]
NOTES
[1] Winter Park Arms, Inc. v. Akerman, 199 So.2d 107 (Fla.App.4th 1967); State ex rel. Benach v. Heffernan, 71 So.2d 745 (Fla. 1954).