449 So.2d 947 (1984)
Tom KAPETANOPOULOS and George Kapetanopoulos, Appellants,
v.
Emma A. HERBERT and Raymond Herbert, Husband and Wife, and Alfred E. Birge, D/B/a Birge Meat Market, Appellees.
No. 83-1591.
District Court of Appeal of Florida, Second District.
May 4, 1984.
*948 Harold S. Wilson, Clearwater, for appellants.
David J. Kurland of Kurland & Johnson, P.A., and Stephen H. Haskins of Haskins & Taylor, Clearwater, for appellees.
LEHAN, Judge.
Appellants, defendants below, appeal an order denying their motions to vacate default and final judgments rendered against them. Of the appellant's points on appeal, one has merit. We reverse the trial court's order and remand for a new trial.
The complaint filed against the appellants and Alfred E. Birge alleged causes of action for personal injuries sustained when the plaintiff fell on premises owned, but not occupied, by the appellants. Birge, d/b/a Birge Meat Market, was the occupant of the property.
A default judgment was entered against the appellants by reason of their failure to file responsive pleadings. Following a jury trial on the damages issue, a $30,247.47 judgment was entered against appellants. Appellants' motions to vacate the judgment and default were denied. One of the motions which was filed under Florida Rule of Civil Procedure 1.540(b) asserted excusable neglect by appellants in their failure to file responsive pleadings. We conclude that there was an abuse of discretion in the denial of that motion to vacate.
*949 The injury alleged in the complaint occurred approximately three weeks after the appellants closed their purchase of the premises from Birge. At the closing the liability insurance premium was prorated so that Birge was credited with the amount he, as the owner of the property, had previously paid for the insurance. The insurance company was notified of the change in ownership.
Appellants argue that the default and the final judgment against them should be vacated because of their excusable neglect in believing they were represented in this cause by their insurance company's attorney who would file pleadings on their behalf. They assert three grounds in support of their argument for excusable neglect.
First, by prorating the insurance premium at the closing, the appellants became the insureds and therefore were entitled to coverage. Second, in his sworn affidavit accompanying the motion to vacate, one of the appellants attests to the insurance company having made certain statements that led the appellants to believe they were to be represented by the company's attorney. According to the affidavit, shortly after the complaint was filed an adjuster for the insurance company met with all of the defendants. During that meeting, in response to appellants' inquiry, the adjuster told them that the company's attorney would take care of their court appearances. Third, appellants' personal attorney advised appellants that they would be represented by the insurance company's lawyer, inasmuch as they were covered under the insurance policy. That advice was given when appellants questioned the attorney (the same attorney who handled for them the purchase of the premises) when they received an amended notice for pretrial conference which showed that Birge was represented by an attorney but they were not. Appellees' subsequently filed pretrial statement referred to the insurance company's attorney as attorney for appellants.
The general rule is that to justify setting aside a default judgment, a defendant must show "both a legal excuse for failure to comply with the Florida Rules of Civil Procedure and a meritorious defense." Westinghouse Elevator Co., A Division of Westinghouse Electric Corp. v. DFS Construction Co., 438 So.2d 125, 126 (Fla. 2d DCA 1983). See Abray Construction Co. v. Star Swimming Pools, Inc., 426 So.2d 1046 (Fla. 2d DCA 1983). We believe appellants have shown both in this case.
In their proposed answer to the complaint attached to their motions to vacate, appellants not only generally denied the allegations of the complaint, but also affirmatively alleged that they lacked control and possession of the premises, that they did not allow the purported unsafe condition of the premises to exist and that they lacked knowledge of the alleged unsafe condition. Appellants also alleged affirmative defenses of comparative negligence and no breach of duty to the plaintiff licensee. Their factual and affirmative defenses are supported by appellants' sworn motion to vacate and affidavit which set out ultimate facts to show the existence of a meritorious defense. We cannot say that appellants have not asserted meritorious defenses. See, e.g., Simms v. Kennedy, 74 Fla. 411, 76 So. 739 (1918); Morris v. Florentes, Inc., 421 So.2d 582 (Fla. 5th DCA 1982); McDonald v. Wingard, 309 So.2d 192 (Fla. 1st DCA 1975); Pinson v. Barlow, 209 So.2d 722 (Fla. 2d DCA 1968), overruled on other grounds, Hix v. Billen, 284 So.2d 209 (Fla. 1973).
Appellants also, in our view, established their excusable neglect. Mere inadvertent failure of a defendant to employ counsel to enter an appearance so that a default judgment would be avoided will not establish excusable neglect. Benedict v. W.T. Hallow Co., 52 Fla. 188, 42 So. 239 (1906); Chamberlin v. Mid-Century Insurance Co., 350 So.2d 364 (Fla. 2d DCA 1977). However, in this case appellants had a reasonable basis to believe that pleadings would be filed on their behalf by the insurance company's attorney. Appellants acquired the basis for that belief from the foregoing responses to their inquiries which they made at important junctures of the case, i.e., after the complaint was filed *950 and again after the amended notice was received.
In Edwards v. City of Fort Walton Beach, 271 So.2d 136 (Fla. 1972), the Florida Supreme Court disapproved a general rule promulgated in Lawn v. Wasserman, 226 So.2d 261, 263 (Fla. 3d DCA 1969), that "misplaced reliance upon an insurance company for his timely defense is not excusable neglect." Edwards said "Obviously the facts of each case are of singular importance in determining whether or not relief under RCP [sic] 1.540(b) should be granted." Id. 271 So.2d at 137.
While simply relying upon an insurance company for legal representation may not constitute excusable neglect, we feel that in this case the reliance was justified, especially in light of the adjustor's statement and the attorney's assurance. The record reflects what appears as reasonable diligence by defendants. See Florida Investment Enterprises, Inc. v. Kentucky Co., 160 So.2d 733 (Fla. 1st DCA 1964).
We recognize that in review of an order granting or denying a motion to vacate a default judgment, gross abuse of discretion must be shown in order for the reviewing court to reverse. Sterling Drug, Inc. v. Wright, 342 So.2d 503 (Fla. 1977); Bailey v. Deebold, 351 So.2d 355 (Fla. 2d DCA 1977), cert. denied, 359 So.2d 1213 (Fla. 1978). Especially in view of Florida's "long-standing policy of liberality towards the vacation of defaults so that the merits of a cause may be reached", Westinghouse, 438 So.2d at 126, we feel that the failure to grant the motion to vacate in this case meets the standard for reversal. A greater showing of abuse of discretion is generally required to reverse a trial court's order granting a motion to vacate a default than is required to reverse a denial of such a motion, as we do here. See Garcia Insurance Agency, Inc. v. Diaz, 351 So.2d 1137 (Fla. 2d DCA 1977).
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
RYDER, A.C.J., and DANAHY, J., concur.