480 So.2d 137 (1985)
Robert MOORE and Winnie Moore, Appellants,
v.
Joe Erwin POWELL, Appellee.
Nos. 85-459, 85-2009.
District Court of Appeal of Florida, Fourth District.
December 11, 1985.
Rehearing Denied January 14, 1986.
*138 John J. Bulfin of Wiederhold, Moses & Bulfin, P.A., and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, for appellants.
Jon H. Anderson, Lakeland, Easley, Massa & Willits, Jane Kreusler-Walsh and Larry Klein of Klein & Beranek, P.A., West Palm Beach, for appellee.
HERSEY, Chief Judge.
Appealed is an order denying appellants' motion to vacate default (No. 85-459) and an order denying rehearing (No. 85-2009).
Appellee, Joe Erwin Powell, filed a complaint against appellants which alleged that in August 1982 appellants, the owners and operators of a carnival concession in Altamonte, New York, asked appellee for help in erecting, maintaining or removing the concession facility. During the operation, a jack which was supporting the concession trailer moved, causing the trailer to fall on appellee's foot. Appellee alleged that appellants "negligently erected, maintained, or negligently trained or supervised those who assisted them in the erection and maintenance of the carnival concession."
A summons was issued on February 22 and was served on March 19, 1984. Robert Moore immediately sent the summons and complaint to James E. Strates Shows in Orlando, believing the complaint to constitute a workmen's compensation claim and that the insurance carrier for Strates Shows, Myers Insurance Agency, would handle the defense. Moore received an acknowledgment that Strates Shows had received the papers.
E. Ronald Von Toussaint, the claims manager for Myers Insurance Agency, acknowledged that he received the suit papers from Susan Strates and thought that appellants were a carnival show booked through Strates Shows. Since Strates Shows was insured by Zurich Insurance Company for general liability and Argonaut Insurance Company for workmen's compensation, Von Toussaint sent the suit papers to Zurich and Argonaut on March 27, through C. Locke Thompson, an insurance broker.
On April 6 Argonaut returned the suit papers to appellants denying coverage; and on April 9 Zurich acknowledged receipt of the papers and advised Von Toussaint that Strates Shows was not at the fair at which the accident occurred.
On April 30 appellee filed a motion for default against appellants which was entered by the clerk of the court for failure to file or serve any papers.
On June 7 Von Toussaint received a motion to set cause for trial which he sent to Argonaut, which, in turn, suggested that it be sent to appellants. On or about July 31 Robert Moore telephoned Von Toussaint and said that he had general liability insurance coverage with Frank B. Hall Insurance Agency. Moore stated that at all times between March 1984 and August 1, 1984, he thought that the insurance carrier for Strates Shows, the Myers Agency, was handling their defense.
On August 16 counsel for appellants filed a notice of appearance, and on August *139 21 filed an unsworn motion to set aside default. The motion alleged that affidavits were being obtained which would show excusable neglect in failing to file an answer. Attached to the motion was an answer which contained a general denial and two affirmative defenses, "comparative negligence" and "estoppel based on workers' compensation immunity." The affidavits of Von Toussaint and Robert Moore were executed on September 4 and October 4, 1984, respectively.
After a hearing on January 22, 1985, the trial court ruled that the affidavits failed to establish excusable neglect and that the proposed answer did not contain meritorious defenses, as no ultimate facts were set forth to show comparative negligence and no evidence was set forth to show workmen's compensation immunity under New York law. The court therefore denied appellants' motion to set aside default.
"A defendant, to be relieved of a default entered against him, must show that the default resulted from his excusable neglect AND that he had a meritorious defense AND that he used due diligence in seeking relief upon learning of the default." DeLisi v. Bankers Insurance Company, 427 So.2d 363, 364 (Fla. 4th DCA 1983) (emphasis original).
The trial court found that an answer containing a general denial and two affirmative defenses did not constitute a showing of a meritorious defense. It is true that a general denial is insufficient to establish a meritorious defense for the purpose of vacating a default following final judgment. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962). A different rule pertains, however, to consideration of an interlocutory order of default where no final judgment has been entered. Westinghouse Elevator Co. v. DFS Construction Co., 438 So.2d 125 (Fla. 2d DCA 1983). The trial court fell into error in this regard.
On the issue of excusable neglect appellants basically allege reliance upon their insurance carriers for defense of the litigation.
In Kapetanopoulos v. Herbert, 449 So.2d 947 (Fla. 2d DCA 1984), the complaint filed against appellants alleged causes of action for personal injuries sustained when plaintiff fell on their premises. The trial court entered a default judgment against appellants for failure to file a responsive pleading. On appeal appellants argued that they showed excusable neglect in believing that they were represented by their insurance company's attorney. They believed that they were being represented because, shortly after the complaint was filed, the insurance adjuster told appellants that the company's attorney would take care of all court appearances. Further, appellants' personal attorney assured appellants that they had insurance coverage and would be represented by the company's attorney. The appellate court agreed that appellants had a reasonable basis to believe that pleadings would be filed in their behalf by their insurance company's attorney. It said:
In Edwards v. City of Fort Walton Beach, 271 So.2d 136 (Fla. 1972), the Florida Supreme Court disapproved a general rule promulgated in Lawn v. Wasserman, 226 So.2d 261, 263 (Fla. 3d DCA 1969), that "misplaced reliance upon an insurance company for his timely defense is not excusable neglect." Edwards said "Obviously the facts of each case are of singular importance in determining whether or not relief under RCP [sic] 1.540(b) should be granted." Id. 271 So.2d at 137.
While simply relying upon an insurance company for legal representation may not constitute excusable neglect, we feel that in this case the reliance was justified, especially in light of the adjustor's statement and the attorney's assurance. The record reflects what appears as reasonable diligence by defendants.
449 So.2d at 950. See also Westinghouse Credit Corporation v. Steven Lake Masonry, Inc., 356 So.2d 1329, 1330 (Fla. 4th DCA 1978) ("The message is clear. Negligence by a litigant's representative may be grounds for an independent suit, but it will *140 not support the setting aside of a default judgment save under exceptional circumstance"); National Premium Budget Plan Corporation v. All American Assurance Company, 389 So.2d 324, 325 (Fla. 3d DCA 1980) ("Excusable neglect sufficient to warrant vacating a default is not shown by mere proof that the defendant relied upon another to defend the action").
In the instant case appellants forwarded the suit papers on March 19 to Strates Shows because they thought they would be represented by its insurance carrier. On April 6, Argonaut (the workmen's compensation carrier for Strates) returned the papers to appellants, denying coverage. Appellants did not say whether they received the papers from Argonaut. The default was entered by the clerk of the court on April 30.
Robert Moore stated in his affidavit that he thought that Strates' insurance carrier was handling his defense. However, he did not have a reasonable basis for that belief, as did appellants in Kapetanopoulos v. Herbert, 449 So.2d 947 (Fla. 2d DCA 1984). Appellants in this case did not inquire as to whether they would be represented by the insurance company, and the insurance company made no such representation. Appellants simply forwarded the suit papers to Strates Shows and relied on its carrier to represent them, taking no further action until August 1, when Robert Moore said that he learned that they were not covered. We hold that under these facts excusable neglect has not been shown.
AFFIRMED.
DOWNEY, J., concurs.
LETTS, J., concurs specially with opinion.
LETTS, Judge, specially concurring.
I concur in the result. However, I am concerned that this opinion does not comport with Somero v. Hendry General Hospital, 467 So.2d 1103 (Fla. 4th DCA 1985), a case enthusiastically cited by the appellant and ignored by the appellee. Certainly, this majority opinion does nothing to dispel the notion expressed in the Somero dissent. Apparently, the Fourth District Court continues to turn the doctrine of excusable neglect every which way but loose.