PARKER, Judge.
Lee Jackson (husband) seeks review of a trial court’s nonfinal order denying his motion to vacate the default entered against him and in favor of Ayne Jackson (wife). We reverse.
The parties entered into a mediation/arbitration agreement in which they agreed to submit to a mediation or arbitration of the disputes between them surrounding the dissolution of their marriage, specifically the division of property, child support, and visitation rights. That agreement provided that the controversy between the parties was to be resolved exclusively by means of mediation or arbitration and that the parties waived any right to litigate their claim. The parties subsequently mediated their differences, and the mediators reached a conclusion.
*482 Eight months later, the wife filed a petition for dissolution of marriage. The clerk of the court thereafter entered a default against the husband for failure to serve or file any paper in the action. Two months after the entry of default, the husband retained a law firm to represent him. His attorneys filed various motions, scheduled a hearing, and filed an answer, counterclaim, and financial affidavit. The clerk of the court notified husband’s counsel of the default as required under Florida Rule of Civil Procedure 1.500(c), to which the husband responded by a motion to vacate the default.
At the hearing on the motion to vacate, the husband testified that the reason he did not respond to the summons and complaint within the required time was that he relied on the parties’ mediation/arbitration agreement. According to the husband, the attorneys who drafted the agreement informed the parties that the agreement prevented them from pursuing a civil action for dissolution, and the husband testified he relied upon that advice. The husband further stated that the wife informed him after the filing of the dissolution petition that she intended to withdraw the suit and proceed with arbitration. Immediately following the trial court’s ruling that the wife could proceed with the lawsuit without the requirement of arbitration, the husband stated he retained counsel who filed a responsive pleading within the next eleven days, quickly followed by the motion to vacate the default. The husband’s testimony was in no way refuted by the wife.
After the hearing on the husband’s motion, the trial court entered an order denying the request to vacate default. The order further prevented the husband from seeking any affirmative relief including any claim of special equity in the marital home, but permitted the husband to defend against the affirmative relief sought by the wife and to seek modification of temporary child support previously awarded.
First, we would observe that before the instant default judgment may be set aside, the husband must show both excusable neglect for failure to respond timely to the wife’s petition and the existence of meritorious defenses to the lawsuit. See Kapetanopoulos v. Herbert, 449 So.2d 947 (Fla. 2d DCA 1984). At the hearing on the husband’s motion to vacate the default, the wife conceded that the husband had asserted meritorious defenses in his responsive pleading, but maintained that he failed to establish excusable neglect to respond timely to the petition.
The sole question presented in this appeal, therefore, is whether the husband adequately proved excusable neglect so that the trial court’s refusal to vacate the default constituted a gross abuse of discretion. See Kapetanopoulos, 449 So.2d at 950. Although there is a stricter standard when reviewing an order granting or denying a motion to vacate a default, a greater abuse of that discretion must be demonstrated to reverse the granting of a motion to vacate default than the denial of such a motion. Id. The purpose of the entry of a default is to speed the cause and prevent a dilatory or procrastinating defendant from impeding the establishment of plaintiff’s claim. The intent of entering a default is not to provide an advantage to a plaintiff so that a defense may be defeated or a judgment obtained without the difficulties attendant in a defendant’s challenge. Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9, 11 (1942). If there is any reasonable doubt in the decision to vacate a default, it should be resolved in favor of granting the application and allowing the trial upon the merits. Northshore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962).
The unrefuted record presented to this court adequately establishes excusable neglect on the husband’s part in failing to answer timely the petition. Under these particular circumstances it was certainly reasonable, although not wise, for the husband to rely on the parties’ agreement as it was explained to him by counsel who drafted the agreement, and further to rely on the wife’s assertion that she would not proceed with the lawsuit. See Kapetanopoulos; Palmer Johnson, Inc. v. Buxton, 262 So.2d 892 (Fla. 2d DCA 1972).
*483 Accordingly, we reverse the trial court’s denial of the motion to set aside the default and remand for proceedings consistent with this opinion.
Reversed and remanded.
SCHEB, A.C.J., and PATTERSON, J., concur.