PER CURIAM.
Appellee, Mario Joseph Guignardi, filed a complaint against Barry Seth Ratner and Peerless Insurance Company (Peerless) for injuries sustained during a physical attack upon him by Ratner. Peerless was charged in one count of the complaint with liability for negligently hiring Ratner knowing of his propensity for violence.
Service was effected on Peerless through the Florida Insurance Commissioner. Upon receipt of the suit papers, Peerless, a foreign corporation, forwarded them to the Plymouth Agency, Inc., a Florida corporation, an agency that handled bail surety business for Peerless. Dan Robertson, president of the Plymouth Agency, contacted Ratner by telephone and discussed the suit with him. Robertson’s affidavit states that Ratner assured him that he would have his lawyer take care of it and that he would confirm it with Robertson. Based on this statement, Robertson said that he believed that Ratner’s lawyer would undertake Peerless’s representation and Robertson awaited further notification. He stated that this had been done in the past on numerous occasions when out-of-state agents had become involved in litigation and he had no reason to believe that there would be any problem in this situation. Ratner did obtain counsel for himself, but not for Peerless, and in due course, on January 28, 1988, a default judgment was entered against Peerless.
Upon learning of the default, Robertson called Ratner (who stated that he was also under the misapprehension that the matter had been taken care of) and arrangements were immediately made for counsel to represent Peerless to attempt to have the default vacated. A notice of appearance was filed on February 5, 1988 (eight days after the Default Judgment was entered). On March 1, 1988, Peerless filed a motion to vacate the default supported by an affidavit of Peerless’s assistant secretary and a proposed answer.
The trial court denied tbe motion to vacate without prejudice, stating that the assistant secretary’s affidavit was insufficient to demonstrate excusable neglect because of its vagueness in that it stated that, after Peerless had discussed the matter with Ratner, it “felt” that Ratner would retain the same attorney for himself and Peerless. The trial court stated that it would allow further affidavits to be filed and, thereafter, Robertson’s affidavit was submitted, together with a proposed amended answer containing affirmative defenses.
A second motion to vacate was heard on May 12, 1988, at which counsel for Ratner testified that Ratner never requested them to represent Peerless. The court denied the motion without prejudice once again, this time stating that Robertson’s affidavit was “self-serving.” The court suggested that the deposition of Ratner might be helpful, since it believed that some form of ratification of Robertson’s assertions was necessary. Thereupon, appellant took Rat-ner’s deposition and filed its final motion to vacate, which added the argument that the default was void because there was no return receipt on the service of process in the court file to evidence that the suit papers had ever been remitted to Peerless. *232 Ratner’s deposition stated that he told Robertson that he would obtain counsel for Peerless, and that Robertson had no reason not to believe him based on their three and one-half year business relationship.
At the hearing, appellee’s counsel introduced a copy of an affidavit of Ratner that had been submitted on April 18, 1988, and then withdrawn because Ratner’s counsel had not been informed of its contents prior to its execution. The affidavit was introduced for the purpose of attempting to show the inconsistency between Ratner’s deposition and the affidavit. The inconsistency was that, in the deposition, Ratner had stated that he did not request his counsel to represent Peerless, but, in the affidavit, he had stated that he did request his attorney to represent Peerless. The trial court denied the motion with prejudice, stating that, because Ratner’s affidavit and deposition were somewhat contradictory, the court was precluded from relying on his affidavit. This appeal followed.
While the trial court exercised the liberality usually afforded movants in an effort to vacate defaults by allowing appellant to amend its motion three times, it appears to us the court misconstrued the effect of the evidence adduced in support of the motion. In considering appellant’s assertion of excusable neglect, the trial court originally denied the motion because the affidavit of the secretary of the appel-lee corporation stated the company “felt” that Ratner was going to obtain counsel for it. The court was not persuaded by the use of that verb. A second hearing was held after the filing of Robertson’s affidavit and the amended answer containing affirmative defenses. The amended motion was denied because the trial court thought Robertson’s affidavit was “self-serving” and, thus, failed to demonstrate excusable-neglect. Finally, at the last hearing, the trial court stated that it could not rely on Ratner’s deposition and affidavit for a finding of excusable neglect because of inconsistencies regarding what, he had told his attorney.
We are persuaded that Robertson’s affidavit was sufficient to show excusable neglect. Not only is there no contradiction of Robertson’s statements, but Ratner’s deposition corroborates the fact that he advised Robertson he would obtain counsel for Peerless. True, there is some conflict between Ratner’s affidavit and deposition, but it pertains to what Ratner did later with regard to obtaining counsel — not regarding what he had advised Robertson he would do. Therefore, the record evidence of what transpired after Ratner had assured Robertson he would get counsel does not denigrate nor weaken Peerless’s contention that the reliance upon Ratner’s assurance was excusable neglect. Immediately upon hearing of the oversight, Peerless set about to obtain counsel and rectify it.
This scenario convinces us that it was a gross abuse of discretion for the trial court to refuse to vacate the default judgment. Similar factual situations (where representations that counsel would be provided were reasonably relied upon) have been held to constitute excusable neglect. Kapetanopoulos v. Herbert, 449 So.2d 947 (Fla. 2d DCA 1984); Venusa Export & Import, Inc. v. Cavico Alamo Aircraft Sales, Inc., 361 So.2d 820 (Fla. 4th DCA 1978).
Accordingly, the order appealed from is reversed and the cause is remanded to the trial court for further proceedings.
DOWNEY, DELL and GARRETT, JJ., concur.