706 So.2d 330 (1998)
STONE-RICH PROPERTIES, a Florida General Partnership, Appellant,
v.
Stanley BRITT and Regina Britt, his wife, Appellees.
No. 95-02712.
District Court of Appeal of Florida, Second District.
January 16, 1998.
Rehearing Denied February 23, 1998.
*331 Steven C. Dupre, Stephen D. Marlowe and Susan L. Landy of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., St. Petersburg, for Appellant.
Ken Ward and Raymond N. Seaford of Law Office of Ken Ward, P.A., Tampa, for Appellees.
FRANK, Judge.
Stone-Rich Properties (Stone-Rich) appeals from the order denying its motion to set aside a default and judgment entered against it in a personal injury action brought by Stanley and Regina Britt. We reverse. The trial court abused its discretion in denying the motion.
On August 25, 1992, while delivering roofing supplies for his employer, Bieler Roofing Supplies, Stanley Britt fell through the roof of a building under construction on property owned by Stone-Rich. Suncoast, a general contractor, had contracted with Stone-Rich to build the building. Stanley Britt and his wife, Regina, sued Suncoast and Stone-Rich on January 29, 1993.
J.O. Stone, a general partner of Stone-Rich, first learned that Stone-Rich had been named as a defendant in the action through a telephone call from Thomas Strickland, the president of Suncoast. During the telephone conversation, Mr. Strickland assured Mr. Stone that the claim was covered by Suncoast's insurance and that Suncoast or its insurance company would provide a defense to Stone-Rich. The construction contract between Suncoast and Stone-Rich required Suncoast to indemnify Stone-Rich from any action arising out of the construction.
After Mr. Stone received the complaint, he periodically spoke to Mr. Strickland about the suit. Each time they spoke, Mr. Strickland assured him that Suncoast was representing Stone-Rich's interests. Based upon the continued assurances from Mr. Strickland, Mr. Stone did not discuss the suit with an attorney nor did he retain counsel to represent Stone-Rich in the lawsuit. Unbeknownst to Mr. Stone, however, Suncoast's attorney did not answer the complaint on behalf of Stone-Rich. A clerk's default was entered against Stone-Rich on March 25, 1993. Suncoast did not receive notice nor was it aware of the default. Although the Britts' attorney mailed a copy of the clerk's default to Mr. Stone, in his affidavit in support of the motion to set aside the default, he stated he did not receive notice of the default and was not aware of it.
In October 1994, Mr. Stone received a copy of an order setting the case for trial. At that time, he again inquired of Mr. Strickland as to the status of the case. Mr. Strickland replied by letter stating that after conferring with Suncoast's attorney, there was no evidence in their case files that Stone-Rich was a party to the lawsuit. Mr. Strickland advised, however, that if Mr. Stone wanted to be conservative, he might have his attorney review the case file. In his affidavit, Mr. Stone stated he understood the letter to mean that Stone-Rich was not the primary defendant in the lawsuit, and therefore, no action was required of Stone-Rich. Consequently, he did not contact an attorney.
On January 30, 1995, Suncoast and its counsel appeared for trial. At that time, the Britts voluntarily dismissed Suncoast from the action and proceeded solely against the absent Stone-Rich. Mr. Strickland immediately telephoned Mr. Stone and informed him that the trial was going forward against Stone-Rich. After learning during that telephone call that a default had been entered against Stone-Rich, Mr. Stone retained counsel to represent Stone-Rich in the action. Stone-Rich's attorney orally moved to continue the trial because he was unable to attend. The trial court denied the motion, and the trial proceeded against the unrepresented Stone-Rich.
Following trial, the jury awarded the Britts $750,000 in damages against Stone-Rich. The damage award was offset by a prior settlement, and the trial court entered a final judgment for $742,500. Stone-Rich moved to set aside the default and judgment claiming in part excusable neglect. The trial court denied the motion, concluding that Mr. *332 Stone willfully neglected Stone-Rich's interests in the action. We reverse.
A trial court may set aside a final judgment entered as a result of excusable neglect. Fla. R. Civ. P. 1.540(b)(1). In order to justify vacating a default judgment, the defendant must show: (1) a legal excuse for failure to comply with the Florida Rules of Civil Procedure and (2) a meritorious defense. See Kapetanopoulos v. Herbert, 449 So.2d 947 (Fla. 2d DCA 1984). Stone-Rich demonstrated both in this case.
The record reflects that the trial court believed Stone-Rich presented a meritorious defense. Contrary to the now critical aspect of the trial court's ruling, we conclude that Stone-Rich has also shown a legal excuse for failing to respond to the Britts' complaint. In Kapetanopoulos, a backdrop factually similar to the one at hand, this court found the defendant's failure to file responsive pleadings based on its belief that the insurance company's attorney would file pleadings on its behalf constituted excusable neglect. An adjuster for the insurance company in Kapetanopoulos, told the defendant property owner that the insurance company's attorney would take care of the defendants' court appearances. The property owner had also received assurance from his attorney that the insurance company's attorney would represent him. This court held that the defendant justifiably relied on these representations in failing to answer the complaint.
Similarly here, Mr. Stone relied on repeated representations by Mr. Strickland that Suncoast would represent Stone-Rich's interests. Furthermore, Mr. Strickland had informed Mr. Stone that Suncoast's attorneys could find no evidence that Stone-Rich was a party to the lawsuit. In light of the indemnity provision contained in the construction contract between Suncoast and Stone Rich, we believe Mr. Stone reasonably relied on Mr. Strickland's assurances.
The trial court believed that Kapetanopoulos was distinguishable based on the fact that the defendant in that case also relied on his attorney's representations. We do not believe that factual difference warrants a contrary result here. A defendant's reliance on representations by a codefendant that his attorney would undertake the defense for both can constitute excusable neglect. See, e.g., Peerless Insurance Co. v. Guignardi, 547 So.2d 230 (Fla. 4th DCA 1989). In Peerless, the defendant's agent relied on representations by the codefendant that his lawyer would undertake the defense for both. The Fourth District held it was gross abuse of discretion to refuse to vacate the default. We conclude under the circumstances of this case, that the trial court abused its discretion in denying Stone-Rich's motion to set aside the default and judgment.
Reversed and remanded for further proceedings consistent with this opinion.
PARKER, C.J., and WHATLEY, J., concur.