STEVENSON, J.
This is a non-final appeal from an order denying Wayjohn’s motion to set aside a default for excusable neglect after it failed to respond to litigation. We affirm.
The Abejons filed suit against Wayjohn after Jose Abejón swallowed a bone contained in a barbeque chicken sandwich purchased from a Kentucky Fried Chicken restaurant, and on July 2, 1997, served process upon Wayjohn’s corporate officer, Russell Warder. Wayjohn failed to respond, and the trial court entered a default on August 13. Subsequently, the Abejons served a notice of trial on Warder on September 9. On October 29, Wayjohn moved to set aside the default based on excusable neglect, and filed affidavits in support thereof with a proposed answer and affirmative defenses.
*1260 Warder, appellant’s corporate officer, executed one of the affidavits and attested to the following. On or about July 2, the day he was served with the summons and complaint, he faxed a copy of them to appellant’s insurance company, via its claims service, but did not mail a copy. Warder said that he was assured that the matter would be handled by the insurance company or its attorneys. On September 9, he received a notice of trial and faxed the notice to the claims service. Warder was again assured that the insurance company and its attorneys would take care of the matter. After receiving the notice of the default from the court clerk on October 23, Warder forwarded the material to the claims service and was assured that the matter was being taken care of by them or them counsel. The officer does not indicate to whom he spoke or to whom he addressed the faxed papers. Warder also submitted a second affidavit with a fax print-out apparently showing a July 2 transmission to the claims service. Warder asserts that this represents the faxing of the subpoena and complaint.
Richard McGraw, the claims examiner for the claims service attested that he began administering and investigating the claim on September 10. On October 14, 1997, he forwarded to the claims service counsel the file contents for the purpose of obtaining a medical review. As of that date, he had not received a copy of the complaint or default. On October 24,1997, he became aware of the default, and contacted counsel. McGraw was unable to locate within the claims service office the summons, complaint or notice, proof of receipt of the documents, or anyone who had knowledge of the documents prior to October 23, other than the claims supervisor.
Eric Husted, the claims supervisor for the claims service attested that he never received a copy of the summons, complaint or default. His only notice of the court proceedings was appellant’s officer’s September 9 verbal indication of the existence of the notice of trial. The supervisor was unable to locate within the claims service office the summons, complaint or notice, proof of receipt of the documents, or anyone who had knowledge of the documents prior to October 23. The supervisor also executed a second affidavit stating that from July through October 1997, the claims service fax line was malfunctioning, and faxed documents were being routed to a different building in a vacant office.
The trial court held a non-evidentiary hearing on the matter, and then entered its order denying the motion to set aside the default, citing two cases in its order.[1] Appellant then filed the present appeal of that order.
We find no gross abuse of discretion in the trial court’s denial of Wayjohn’s motion to vacate default. Although courts have found excusable neglect where a party relies on assurances made by his or her insurer, see Venero v. Balbuena, 652 So.2d 1271 (Fla. 3d DCA 1995); Kapetanopoulos v. Herbert, 449 So.2d 947 (Fla. 2d DCA 1984), Wayjohn’s own affidavits created a dispute as to whether any assurances had actually been made by the insurance company. Even if such assurances had been made, we cannot say that it was unreasonable for the trial judge to have concluded that Wayjohn would not have been justified in continuing to rely upon them since the notice of trial sent to Warder, which indicated on its face that Wayjohn was unrepresented, should have put Wayjohn on notice that the insurance company had not responded to the complaint. Additionally, we cannot find that the trial court grossly abused its discretion in apparently concluding that no suitable explanation was given for the insurance company’s failure to act.
AFFIRMED.
OWEN, WILLIAM C., Jr., Senior Judge, concurs.
STONE, C.J., dissents with opinion.

. Moore v. Powell, 480 So.2d 137 (Fla. 4th DCA 1985), and Westinghouse Credit Corp. v. Steven Lake Masonry, Inc., 356 So.2d 1329 (Fla. 4th DCA 1978).