DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**QUEST DIAGNOSTICS, INC.,**
Appellant,

v.

**CHERI HAYNIE,**
Appellee.

No. 4D21-240

[April 28, 2021]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Paige Hardy Gillman, Judge; L.T. Case Nos. 50-2019-SC-019779-XXXX-MB and 50-2020-AP-000042-CAXX-MB.

Dale T. Golden and Charles J. McHale of Golden Scaz Gagain, PLLC, Tampa, for appellant.

Evan M. Rosen of the Law Offices of Evan M. Rosen, P.A., Hollywood, for appellee.

WARNER, J.

Appellant Quest Diagnostics, Inc. appeals from a final judgment in favor of appellee Cheri Haynie, based upon a default entered against appellant. Because we conclude that the trial court erred in denying a motion to vacate the default, we reverse the final judgment.

Appellee, an injured employee covered under Florida's Workers' Compensation Law, received medical services that were managed by a workers' compensation carrier. Appellant provided medical laboratory testing services to appellee. It attempted to collect payment from appellee for those services by sending two collection letters. Under the worker's compensation law, appellant was a health care provider and, as such, was governed by section 440.13(13)(a), Florida Statutes (2019), which provides that "[a] health care provider may not collect or receive a fee from an injured employee within this state[.]"

After receiving the collection letters, appellee filed suit in small claims court alleging a violation of section 559.72(9), Florida Statutes (2019), of

the Florida Consumer Collection Practices Act ("FCCPA"). She alleged that appellant knew she was a worker's compensation claimant, because it knew that her insurer was a worker's compensation insurance carrier. She contended that appellant thus violated the statute by trying to collect the debt from her personally. She demanded $1,000.00 in statutory damages pursuant to section 559.77(2), Florida Statutes (2019); injunctive relief to prevent appellant from further violations; removal of any negative marks on appellee's credit history; and attorney's fees and costs.

Although the record in this appeal from county court does not show service upon appellant, an affidavit filed by appellant's employee stated that service was made on November 27, 2019. The standard summons and notice to appear in a small claims court proceeding requires the defendant to appear at a pretrial conference before the judge on a specified date. As noted in the standard summons:

> The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference.

Fla. Sm. Cl. Form 7.322. The summons also notifies the defendant that the defendant must appear in person or through an attorney to avoid a default.

The pretrial conference in this case was scheduled for January 16, 2020. Appellant, the defendant, did not appear. The progress docket does not show that a default was actually filed on the docket. On January 23, 2020, counsel filed a notice of appearance for appellant. Counsel moved to vacate the default on February 3, 2020. In its motion, appellant reported that, at the end of 2019, its retained litigation specialist had retired, and its transition of litigation cases to a new person undertaking those duties had not been fully implemented at the time appellant was served with the appellee's claim. Those facts, plus the holidays and employee vacation leave, had resulted in the summons and complaint being overlooked. For this reason, appellant had failed to timely respond to the complaint and/or appear at the small claims pretrial conference, thus triggering the default. Appellant maintained that it had a meritorious defense to the claim, alleging that it did not know appellee was covered by workers' compensation at the time appellant attempted to collect the debt from appellee. And, appellant claimed to have been reasonably diligent in seeking to vacate the default after it was discovered. In support of its

motion, appellant attached the sworn affidavit of its staff paralegal attesting to the foregoing facts.

The court held a hearing on appellant's motion. The court entered an order stating that appellant remained defaulted.[1] Appellee moved for the court to enter final judgment, and on March 2, 2020, the lower court entered a final judgment order in favor of appellee, awarding $1,000.00 in statutory damages, pursuant to section 559.77(2), Florida Statues (2019), and other taxable costs, for a total amount of $1,256.48 plus interest, and reserving jurisdiction for an award of attorneys' fees. In addition, the court ordered appellant to stop attempting to collect pending debt from appellee and to remove any negative marks pertaining to debt from appellee's credit history. Appellant filed its notice of appeal from the final judgment.

In order to set aside a default, a defendant must show that the default resulted from excusable neglect; that the defendant had a meritorious defense; and that the defendant used due diligence in seeking relief from the default. *Moore v. Powell*, 480 So. 2d 137, 139 (Fla. 4th DCA 1985). An appellate court reviews the denial of a motion to vacate a default under the abuse of discretion standard of review. *H & F Tires, L.P. v. D. Gladis Co., Inc.*, 981 So. 2d 647, 649 (Fla. 4th DCA 2008).

As a general rule, Florida courts prefer to decide cases on the merits of the claims rather than on a technicality. *J.J.K. Int'l, Inc. v. Shivbaran*, 985 So. 2d 66, 69 (Fla. 4th DCA 2008). Consequently, there is a "principle of liberality in setting aside defaults so that lawsuits may be decided on their merits." *Lindell Motors, Inc. v. Morgan*, 727 So. 2d 1112, 1113 (Fla. 2d DCA 1999) (citing *Bland v. Viking Fire Prot., Inc. of the S.E.*, 454 So. 2d 763 (Fla. 2d DCA 1984)). "[I]f there b[e] any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits of the case." *N. Shore Hosp., Inc. v. Barber*, 143 So. 2d 849, 853 (Fla. 1962) (third alteration in original). In this case, the principle of liberality should have prevailed, as appellant established excusable neglect, a meritorious defense, and due diligence in attempting to set aside the default.

---

[1] The appellate record does not contain a transcript of the proceedings. However, since this was a non-evidentiary hearing and the trial court's final judgment order is devoid of any consideration of the factors to be considered when addressing a motion to vacate a default, we conclude that the lack of transcript does not preclude our review. *See, e.g.*, *Alsina v. Gonzalez*, 83 So. 3d 962, 965 (Fla. 4th DCA 2012).

3

Excusable neglect is found "where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir[.]" *Somero v. Hendry Gen. Hosp.*, 467 So. 2d 1103, 1106 (Fla. 4th DCA 1985). As this Court explained:

> The pattern which emerges from these and the myriad of cases not cited here is best stated negatively: a default will not be set aside where the defaulted party or his attorney (1) simply forgot or (2) intentionally ignored the necessity to take appropriate action; that is to say, where the conduct could reasonably be characterized as partaking of gross negligence or as constituting a willful and intentional refusal to act.

*Id.* at 1105–06. "Excusable neglect must be proven by sworn statements or affidavits." *Geer v. Jacobsen*, 880 So. 2d 717, 720 (Fla. 2d DCA 2004) (quoting *DiSarrio v. Mills*, 711 So. 2d 1355, 1356 (Fla. 2d DCA 1998)).

Based upon the affidavit of the paralegal, appellant showed excusable neglect in failing to appear at the pretrial conference. The litigation specialist who would have normally handled the case was retiring, and the replacement was not yet in place, particularly with the December holidays and employee vacation leave intervening. This is akin to a "system gone awry" as expressed in *Somero. Id.* at 1106; *see also Edwards v. City of Fort Walton Beach*, 271 So. 2d 136, 137 (Fla. 1972) (district court did not err in dismissing plaintiff's appeal from trial court's vacation of default against defendant City, where City had sent complaint to insurance carrier who was in process of changing claims processing procedures, and complaint was buried on responsible attorney's desk). Here, there was no willful negligence or refusal to act on the part of appellant. At the very minimum, there is "reasonable doubt" about the propriety of the default, which should be resolved in favor of its vacation and a trial on the merits.

A meritorious defense may be established by ultimate facts alleged in a proposed answer or by affidavit. *See Hall v. Byington*, 421 So. 2d 817, 817 (Fla. 4th DCA 1982). A general denial in an affidavit filed *before* a final judgment is entered on a default suffices to support vacation of a default. *See Gibson Tr., Inc. v. Office of the Att'y Gen.*, 883 So. 2d 379, 382–83 (Fla. 4th DCA 2004); *N. Shore Hosp., Inc.*, 143 So. 2d at 852.

While the motion to vacate the default noted that a general denial would suffice under the foregoing authorities, the motion and affidavit further alleged a meritorious defense. In the sworn statement by appellant's paralegal, she stated from her personal knowledge and review of

appellant's business records that appellant did not know that appellee was insured by a worker's compensation insurance carrier. Appellant did not learn of that fact until after the letters seeking to collect the debt had already been sent.

Appellee based its claim on section 559.72(9) of the FCCPA, which states, in relevant part:

> Prohibited practices generally:
>
> In collecting consumer debts, no person shall:
>
> . . . .
>
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Appellant alleges that pursuant to the statute, it had to have actual knowledge that appellee's debt was covered by workers' compensation when appellant attempted to collect on it. If proved, this is a defense to the cause of action. *See Schauer v. Morse Operations, Inc.*, 5 So. 3d 2, 6 (Fla. 4th DCA 2009). Appellee's only response to this claim of meritorious defense is to attack the paralegal's affidavit as hearsay on the issue of the appellant's knowledge. However, because a general denial would suffice to contest whether appellant knew that appellee was covered by workers' compensation, and the issue is a legal one concerning the interpretation of the statute, appellant stated a meritorious defense.

Finally, appellant acted with due diligence, filing its motion to set aside the default within three weeks of its entry. "In considering whether a party has made a 'timely application' to set aside a default, courts must evaluate both the extent of the delay as well as the reasons for the delay." *Fla. Eurocars, Inc. v. Pecorak*, 110 So. 3d 513, 515–16 (Fla. 4th DCA 2013) (citing *Roberts v. Safeway Ins. Co.*, 610 So. 2d 700, 701 (Fla. 3d DCA 1992)). We have already discussed the reasons for appellant's failure to attend the pretrial hearing and found them to be excusable. Appellee does not contest the fact that appellant made timely application to set aside the default.

As each of the requirements to set aside a default were present, and the Florida judicial policy is to favor determinations on the merits over those made on technicalities, the trial court abused its discretion in denying the

5

motion to vacate.  We therefore reverse the final default judgment, order the vacation of the default, and remand for further proceedings on the merits.

DAMOORGIAN and FORST, JJ., concur.

*      *      *

**_Not final until disposition of timely filed motion for rehearing._**