DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ZSUZSANNA VARGA** and **ZOLTAN FUTAKI,**
Appellants,

v.

**DONGAL INVESTMENTS, LLC**
Appellee.

No. 4D21-2408

[September 7, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Louis H. Schiff, Judge; L.T. Case No. CONO21003626.

Mark L. Pomeranz of Pomeranz & Associates, P.A., Hallandale, for appellants.

No appearance for appellee.

KUNTZ, J.

Defendants Zsuzsanna Varga and Zoltan Futaki appeal an order denying a motion to vacate a default final judgment for eviction and a subsequent order denying a motion to restore possession. We reverse.

In their motion to vacate, the defendants attempted to establish mistake and excusable neglect. Through counsel, they explained that a clerk "mistakenly calendared the deadline to answer on his own personal calendar rather than the law office calendar so that an answer could not be properly filed." The deadline was not viewable to counsel and, as a result, the defendants' response to the complaint was not filed. The clerk signed a verification stating that "[t]he portions of this motion not constituting legal argument are attested to under oath and penalty of perjury." At the same time the defendants served the motion to vacate, they also served an answer and affirmative defenses.

Beyond those limited facts, the record does not show much else. It does not appear the plaintiff filed a written response to the motion to vacate nor any conflicting evidence. Without more, we are left with an unrefuted motion signed under penalty of perjury and the court's order denying the

motion because "the defendants did not produce a witness for testimony or opportunity for cross examination."

Unfortunately, we do not have a transcript of the fifteen-minute Zoom hearing, and the lack of a transcript often dooms an appellant's argument. But "since this was a non-evidentiary hearing and the trial court's final judgment order is devoid of any consideration of the factors to be considered when addressing a motion to vacate a default, we conclude that the lack of transcript does not preclude our review." *Quest Diagnostics, Inc. v. Haynie*, 320 So. 3d 171, 174 n.1 (Fla. 4th DCA 2021) (citing *Alsina v. Gonzalez*, 83 So. 3d 962, 965 (Fla. 4th DCA 2012)).

As in *Haynie*, the record does not show the court considered the factors a court must consider when presented with a motion to vacate a default.[1] So we reverse the order denying the motion to vacate. On remand, the court must consider the defendant's motion and the factors required to vacate a default.

*Reversed and remanded.*

KLINGENSMITH, C.J., and MAY, J., concur.

*    *    *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] "In order to set aside a default, a defendant must show that the default resulted from excusable neglect; that the defendant had a meritorious defense; and that the defendant used due diligence in seeking relief from the default." *Haynie*, 320 So. 3d at 174 (citing *Moore v. Powell*, 480 So. 2d 137, 139 (Fla. 4th DCA 1985)).