415 So.2d 164 (1982)
David H. BLUDWORTH and Larry Shack, Appellants,
v.
Gene LALLY, Appellee.
No. 82-590.
District Court of Appeal of Florida, Fourth District.
June 23, 1982.
Jim Smith, Atty. Gen., Joseph A. Linnehan, Asst. Atty. Gen., and Carolyn Gause-Thompson, Certified Legal Intern, Tallahassee, for appellants.
Stuart L. Stein of Stuart L. Stein, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
Appellants, Bludworth and Schack, are defendants in a defamation action instituted by appellee. Some 47 days after they were served with a summons and complaint, a default for failure to answer was entered against appellants. They filed a motion to vacate the default which the trial court denied. On appeal, they contend that they sufficiently demonstrated both excusable neglect and a meritorious defense and the trial court abused its discretion in failing to set aside the default. We are not called upon to express any opinion on the overall merits of the case and address only the specific issues raised on appeal.
The vacating of a default is a matter within the sound discretion of the trial court, and the decision of the trial court shall not be disturbed absent a gross abuse of discretion. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962). As appellants point out, we have held in the past that the failure to vacate a default where a clerical error constituted excusable neglect was an abuse of discretion. See County National Bank of North Miami Beach v. Sheridan, Inc., 403 So.2d 502 (Fla. 4th DCA 1981). However, despite appellants' protests to the contrary, we cannot disagree with the trial court's conclusion that clerical error is not at issue here. In its order, the trial court set forth explicitly the findings of fact on which it based its determination. Such explicit factual findings are of great help in this court's review function. The order states:
THIS CAUSE came on to be heard on the Motion to Set Aside Default Judgment filed by the Defendants, DAVID H. *165 BLUDWORTH and LARRY SCHACK, and upon the Motion and Memorandum in Opposition to Defendants' Motion to Set Aside the Default filed by Plaintiff, GENE LALLY, and upon Defendants BLUDWORTH and SCHACK'S Supplemental Memorandum of Law and the Plaintiff's Response thereto.
The Defendants argue that misfiling or misplacing of a complaint is excusable neglect. This may or may not be so, but it is hardly the situation that has been presented here. First of all, both defendants are themselves lawyers and therefore knew the necessity of filing pleadings. Secondly, the Plaintiff did not race to the Courthouse to default them. Plaintiff's attorney testified at the hearing that he had orally advised Defendant BLUDWORTH at a social gathering that the Defendants were in default and had not answered. The Defendants still neglected to take the trouble to walk downstairs and file a pleading in the case to preclude a default. They were given yet another opportunity to file pleadings when the Plaintiff's attorney sent a letter to Defendant BLUDWORTH dated December 16, 1981, again advising they were in default and to please plead. (Letter attached to Plaintiff's Motion and Memorandum in Opposition to Defendant's Motion to Set Aside the Default.) The Defendants still did nothing. The Affidavit of Barry Krischer, Esq., himself a lawyer, admits that he knew the default status on December 24, 1981, when Plaintiff's attorney's letter was brought to his attention. (Affidavit attached to Defendants' Motion to Set Aside Default.) The Defendants still, on that date, failed to walk downstairs to file pleadings. The only action taken was four days later on December 28, 1981, when a letter was sent to the Attorney General's Office with the Summons and Complaint merely advising them of the suit. (Letter attached to Defendants' Motion to Set Aside Default.) Even the letter to the Attorney General's Office failed to advise of the default status. Finally on January 6, 1982, the Default was entered.
This series of events cannot be deemed to be excusable neglect. Accordingly, the Defendants, BLUDWORTH and SCHACK's Motion to Set Aside Default is hereby denied.
In accordance therewith, all other pleadings of said Defendants are hereby stricken.
DONE AND ORDERED, in Chambers, Palm Beach County Courthouse, West Palm Beach, Florida, this 25th day of February, 1982.
We note that appellants do not contest the court's factual findings. The only appellate argument is that a secretary in Mr. Bludworth's office failed to forward the suit papers as soon as she should have and her conduct constituted a "clerical error" or excusable neglect as a matter of law. Appellants simply do not deal with the trial court's findings as to their inaction after notice from opposing counsel.
Based on the uncontested facts presented in the trial court's order and the definition of "discretion" found in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), we hold that the trial court did not abuse its discretion in this matter.
AFFIRMED.
BERANEK, GLICKSTEIN and WALDEN, JJ., concur.