HERSEY, Judge.
Appellant’s abortive attempt below to set aside and vacate a default judgment results in this appeal.
The courts of Florida are committed to a liberal policy in relieving parties of the consequences of a default, preferring that jus-ticiable issues be decided on the merits. See, e.g., County National Bank of North Miami Beach v. Sheridan, Inc., 403 So.2d 502 (Fla. 4th DCA 1981). A trial court’s refusal to vacate a default creates a tension on appeal between this principle and the caveat that the trial court may be found to have grossly abused its discretion only where no reasonable man would take the view adopted by the trial court. Bludworth v. Lally, 415 So.2d 164 (Fla. 4th DCA 1982).
A defendant, to be relieved of a default entered against him, must show that the default resulted from his excusable neglect AND that he had a meritorious defense AND that he used due diligence in seeking relief upon learning of the default. Farmers Production Credit Association v. Emperador Seafoods, Inc., 416 So.2d 889 (Fla. 4th DCA 1982).
Appellant postulated as excusable neglect the fact that he was a fugitive from justice and therefore could not contact his attorney until he was ultimately apprehended and incarcerated. We hold that, as a matter of law, such an allegation falls far short of establishing excusable neglect.
Having determined that, it is not necessary to consider whether appellant had a meritorious defense to the underlying cause of action nor whether he exercised due diligence in seeking relief from the default. Abray Construction Co., Inc. v. Star Swimming Pools, Inc., 426 So.2d 1046 (Fla. 2d DCA 1983).
We therefore affirm.
AFFIRMED.
BERANEK and WALDEN, JJ., concur.