WIGGINTON, Judge.
This appeal is from the trial court’s order denying appellant’s motion to vacate a final judgment of default. The action arose from a dispute regarding the payment and performance of a subcontract between appellant John B. Pike & Son, Inc., the general contractor, and appellee Atlantic Coast Asphalt, Inc., the subcontractor. Atlantic filed a complaint to recover monies allegedly wrongfully retained by Pike, who received service of the summons and complaint on May 22, 1987. No answer was filed, although in the subsequent months settlement negotiations were ongoing. Consequently, on August 13, 1987, Atlantic’s counsel orally informed Bob Cross, Pike’s employee who had been communicating with Atlantic during the negotiations, that Atlantic had not authorized withdrawal of the legal action and that Pike was being given until August 24, 1987, to file responsive pleadings or a default judgment would be obtained. A letter confirming the conversation, dated August 13, was received by Cross on August 17, 1987. Cross also participated in another telephone conversation with Atlantic on August 18, in which he was advised that Atlantic was proceeding with the litigation despite an August 14 letter to Cross from its executive vice-president concerning the negotiations.
On August 25, 1987, when Pike took no further action, a motion for default was filed and a default was entered. Final judgment thereon was entered on September 3, 1987, a copy of which was forwarded to Pike and received by appropriate officers on Friday, September 11. Upon learning of the final judgment, Pike’s officers contacted counsel for the first time and a motion to vacate final judgment was served on Monday, September 14. After hearing argument from counsel, the trial court denied the motion to vacate finding that Pike had stated a meritorious defense but that *488 its “actions or inactions to monitor the status of the pending action and the conduct of Bob Cross in failing to make Pike aware of the status of this action do not constitute excusable neglect.”
On the basis of the record before us, we cannot hold that the trial court grossly abused its discretion in denying Pike’s motion to vacate. Although it is true that Pike was in the process of closing Bob Cross’s office and moving its files and records to the main office in Rochester, New York, we nonetheless conclude, as did the trial court, that Pike was given fair warning that a default judgment was being sought and a fair period of time in which to file a responsive pleading prior to and after that warning was given. It is significant that Pike was twice apprised of Atlantic’s intention to move for default judgment and we cannot say that the continuing negotiations conclusively lulled Pike into believing that an action would not be pursued. Compare Bludworth v. Lally, 415 So.2d 164 (Fla. 4th DCA 1982); but cf. Florida Aviation Academy v. Charter Air Center, Inc., 449 So.2d 350 (Fla. 1st DCA 1984) (in that case the error was caused by an “inexperienced secretary’s failure to calendar the time for filing an answer to the complaint, contrary to established office policy and procedure”).
Accordingly, the trial court’s order denying appellant’s motion to vacate judgment is affirmed.
WENTWORTH, J., concurs.
SMITH, C.J., dissents with written opinion.