## GHALTCHI v KILBRIDE INTERNATIONAL LEASING & INVESTMENT COMPANY, LTD.

Case No. 89-25037-09

Seventeenth Judicial Circuit, Broward County

January 29, 1990

### APPEARANCES OF COUNSEL

**David W. Collins, Esquire,** for appellant.

**Catherine W. Zippay, Esquire,** for appellee.

### OPINION OF THE COURT

ROBERT J. FOGAN, Circuit Judge.

THIS CAUSE having come on consideration of FRED GHALTCHI'S appeal from the denial of his Motion to Set Aside Default Judgment entered in the Broward County Court, and the Court having reviewed the record and read the briefs of counsel and being otherwise advised in the premises, finds:

A Statement of Claim was filed on April 11, 1989, by Appellee, KILBRIDGE INTERNATIONAL LEASING & INVESTMENT COMPANY, LTD., hereinafter, KILBRIDE, seeking damages not in excess of $2500 against Appellant, FRED GHALTCHI, hereinafter,

4

GHALTCHI, for breach of contract, open account, and quantum meruit. On May 8, 1989, the County Court held a pretrial conference which was attended by GHALTCHI, pro se, and counsel for KILBRIDE. A Court Order on the pretrial conference was then executed by the trial court on May 8, 1989. Said Order is attached hereto and incorporated herein as Exhibit A. The Order is a pre-printed form with blanks that the court may mark when applicable to the case.

In the present case, the trial court placed a check mark in a blank area on the Court Order which states that the Defendant "denied liability and damages." The trial court also checks the blank that states Defendant "must file Answer, Counterclaim and/or Third Party Complaint within *15* days or suffer default." A trial date is also set for Monday, August 28, 1989, at 2:30 p.m. for 1½ hours. The Court Order is signed as received by Catherine W. Zippay, for the Plaintiff, and Fred Ghaltchi, for Defendant. The Order also states that Trial instructions are included on the reverse side of the Order, but no instructions are included on the original Order in the Court record.

Subsequently, a Motion for Default was made by counsel for the Plaintiff, on the grounds that GHALTCHI failed to file an answer as required by the Pretrial Order. The Motion was filed on June 13, 1989. The Motion for Default on granted. On June 30, 198, GHALTCHI, through counsel, filed a Motion to Set Aside Default on the grounds that GHALTCHI, "being unrepresented by counsel, did not understand the significance [sic] of filing an answer, nor did he realize that the Court instructed him to file the same." Despite GHALTCHI'S Motion, a Default Final Judgment was ordered on July 5, 1989. GHALTCHI filed a Motion to Set Aside Default Judgment on July 28, 1989 on the same grounds as his earlier Motion. This Motion was denied. GHALTCHI now argues on appeal that the denial of his Motion is an abuse of discretion of the trial court.

The present case is governed by the Florida Small Claims Rules. In light of these rules, GHALTCHI'S appeal is without merit and the decision of the lower court should be reversed as a matter of law.

A trial court's decision to deny a motion to set aside a default judgment can be an abuse of discretion when a defendant has shown that the default resulted from excusable neglect, that defendant has a meritorious defense and that the defendant has exercised due diligence in vacating the default. See, *DeLisi v Bankers Insurance Company,* 427 So.2d 363 (Fla. 4th DCA 1983). In the present case, GHALTCHI argues that it is an abuse of discretion by the trial court in failing to recognize GHALTCHI'S excusable neglect, meritorious defense, and

**5**

due diligence in seeking to vacate the Default Judgment against him. While GHALTCHI'S argument has some merit, GHALTCHI has failed to provide a sufficient record for a review of the above stated grounds to set aside default inasmuch as there are no transcripts of the proceedings in the lower court. See, Florida Rule of Appellate Procedure 9.200(b)(4). As a result, this appellate court cannot properly resolve the factual issues of excusable neglect, meritorious defense and due diligence so as to conclude that the trial court's judgment is not supported by the evidence. See, *Applegate v Barnett Bank of Tallahassee,* 377 So.2d 1150 (Fla. 1979).

However, as a matter of law, the trial court's rulings throughout the stages of this action were in derogation of the Florida Small Rules Rules, "SCR." These rules shall be construed to implement the simple, speedy and inexpensive trial of actions at law in county courts. SCR 7.010(a). Once a Statement of Claim is filed by the Plaintiff, the trial court requires the appearance of the parties at the pretrial conference pursuant to SCR 7.090. There is no requirement that the Defendant answer the Statement of Claim. In fact, at the pretrial conference the trial court can determine and simplify the issues, and if at issue, the court can set the case for trial. If there is no triable issue, then the court may enter a summary judgment under SCR 7.135.

In the present case, GHALTCHI appeared at the pretrial conference. The trial court determined that there was a triable issue as to liability and damages. Since GHALTCHI denied liability and damages, a trial was scheduled by the court. Even though the court determined there were triable issues and set the case for trial, the trial court improperly entered a Final Default Judgment, in light of SCR 7.170.

SCR 7.170, *DEFAULT; JUDGMENT,* states only that a default judgment may be entered if the Defendant does not appear at the scheduled time. There is no provision in the SCR for a default for a defendant's failure to answer. The defendant's appearance at the pretrial conference should operate as his answer. The plaintiff can then utilize discovery in accordance with SCR 7.020 to inquire into the merits of any defense or denial of the defendant. Through the use of the discovery process, the plaintiff will suffer no prejudice due to defendant's failure to file a written answer in addition to the findings of the Pretrial Conference Order.

In this case, at the pretrial conference, GHALTCHI denied liability and his denial is reflected in the Order. The Court then properly set the action for trial. However, the trial court improperly required GHALTCHI to "file an Answer, Counterclaim, or Third Party Com-

6

plaint within 15 days or suffer default." Pursuant to SCR 7.170, a default is entered when the defendant fails to appear. This is distinguished from the Florida Rules of Civil Procedure which allows the court to grant default judgment for a defendant's failure to answer. The framework of the SCR is to avoid the formalities required in the Civil Rules of Procedure and allow the court to simply and expeditiously reach the merits of the case. As a matter of law, the Florida Small Claims Rules do not provide for a default judgment for a defendant's failure to answer. Therefore, the Final Default Judgment which is grounded upon GHALTCHI'S failure to answer is improper, and the denial of GHALTCHI'S Motion to Set Aside Default Judgment should be reversed.

An additional issue arising out of GHALTCHI'S appeal is that the form of the Court Order is not in conformity with SCR FORM 7.323, *PRETRIAL CONFERENCE ORDER AND NOTICE OF TRIAL.* This form does not claim the clause found in the present case which states that Defendant "must file an Answer, Counterclaim, and/or Third Party Complaint within — days or suffer default." Although the SCR Forms of process are adopted by the Florida Supreme Court, they are intended for illustration only, and the forms can be modified so long as the substance thereof is expressed without prolixity. See, SCR 7.300.

The form in the present case differs from the adopted Form 7.323 in such a manner so as to create confusion among the parties. The Order lacks precision since it does not specifically indicate whether GHALTCHI was required to file a Counterclaim and/or Third Party Complaint, as well as an Answer, before suffering default. Also, the subject clause in the Order is contrary to procedural rules since a default against a Defendant is not proper due to his failure to file a counterclaim or third party complaint. The Order is also inherently inconsistent inasmuch as it is marked that GHALTCHI denies liability. The denial of liability is an answer, yet, the Order requires that GHALTCHI file an Answer or suffer default. Finally, the clause requiring that GHALTCHI file an answer or suffer default is contrary to SCR 7.710, which governs defaults for failure to appear, not failure to file an answer. In view of the form of the Pretrial Order and Notice of Trial, GHALTCHI'S appeal is well taken and the trial court should be reversed.

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Order denying Appellant's Motion to Set Aside Default Final Judgment is REVERSED, and that

7

this case is remanded to the trial court to proceed in accordance with the Florida Small Claims Rules.

DONE AND ORDERED in Chambers at Fort Lauderdale, Florida on this 29th day of January, 1990.