PER CURIAM.
We affirm an order denying Appellant’s motion to vacate default.
Process was served in June 1997, and Appellant filed no responsive pleading. A default was entered in July. In September, Plaintiff/Appellee served a motion for final judgment as to liability, along with a notice of hearing. Service of these pleadings was accomplished by certified mail. Appellant did not respond and did not attend the hearing. The trial court entered final judgment as to liability against Appellant on September 18th, which provided that any party could move for jury trial as to damages. This judgment was mailed to Appellant by the court. It was not until January 22, 1998, that Appellant responded with a motion to vacate default.
*6 The trial court entered an order finding that: Appellant was duly served; the default was properly entered; Appellant received the notice of hearing and the motion for final judgment; and Appellant received notice of the entry of the final judgment mailed to Appellant on or about September 18, but did not appear until January 22. The court concluded that Appellant had not established that its failure to respond was due to mistake, inadvertence, surprise, or excusable neglect and denied the motion.
Appellant argues that there was excusable neglect because the complaint was worded vaguely. Appellant cites Somero v. Hendry General Hospital, 467 So.2d 1103, 1106 (Fla. 4th DCA 1985), for the proposition that it is an abuse of discretion for the trial court to deny a motion to vacate when it is based on a “reasonable misunderstanding.” However, in that case, this court noted that mishandling or misplacing a complaint did not furnish an excuse for setting aside a default when the default status had been called to the defaulting party’s attention on several occasions, id. at 1105 (citing Bludworth v. Lally, 415 So.2d 164 (Fla. 4th DCA 1982)), which is what the instant record shows. Nowhere has Appellant satisfactorily explained why it failed to respond to the two notices that a default had been entered for a period of over four months.
Therefore, the order is affirmed.
STONE, C.J., and FARMER and STEVENSON, JJ., concur.